KARTHAUSE (HUTZ v.). See Case No. 6,-963.

---

## Case No. 7,616.

### In re KASSON.

#### [4 Law Rep. 489.]

District Court, S. D. New York. April. 1842.

BANKRUPTCY—WEARING APPAREL — PROPERTY OF WIFE.

1. Articles of jewelry belonging to a bankrupt, do not come under the description of wearing apparel, and if not set apart by the assignee, must be surrendered to him.

2. Articles of a similar nature, belonging to the wife of a bankrupt, if belonging to her before her marriage, do not vest in the assignee—or if presented to her since, and they are such as are suitable to her condition and circumstances in life, they may likewise be retained by her.

3. Whether they are suitable or not, is a question of fact, to be determined by evidence before a commissioner, on a reference upon exceptions taken to the decision of the assignee.

[In the matter of Chester S. Kasson, a bankrupt.]
[Before BETTS, District Judge.]

[Nowhere more fully reported; opinion not now accessible.]

---

## Case No. 7,617.

### In re KASSON.

#### [18 N. B. R. 379.] [1]

District Court. N. D. New York. 1878.

BANKRUPTCY—ACT OF—ASSIGNMENT FOR BENEFIT OF CREDITORS.

1. A voluntary general assignment for the benefit of creditors bears conclusive evidence upon its face of the intent of the assignor to prevent the property transferred by it from being distributed under the bankrupt act [of 1867 (14 Stat. 517)].

[Cited in Re Kraft, 4 Fed. 525.]

2. Such an assignment, although made in good faith and without preferences, is an act of

bankruptcy, and will defeat a discharge, irrespective of the time when it was made.

[Cited in Re Wolfskill, Case No. 17,930; Re Diehl, 15 Fed. 236.]

[This was an application by Henry W. Kasson for a discharge in bankruptcy.]

J. R. Swan, for creditors.
G. W. Adams, for bankrupt.

WALLACE, District Judge. I must differ from the conclusion of the register in this case, and hold that the creditors opposing the bankrupt's discharge must prevail, although the general assignment made by the bankrupt in trust for his creditors was not fraudulent, was without preferences, and was made more than six months before the bankrupt filed his petition to be adjudicated a bankrupt. I am of opinion that it is quite immaterial when the bankrupt's transfers of his property were made, so long as they were made in contemplation of bankruptcy, and for the purpose of preventing the property from being distributed under the bankrupt act. I have held repeatedly that such an assignment is an act of bankruptcy, and is void as against the assignee in bankruptcy, and notwithstanding my great respect for the authorities which hold differently, I must adhere to the conclusions which I have heretofore entertained.

A voluntary general assignment bears conclusive evidence upon its face of the intent of the assignor to prevent the property transferred by it being distributed under the bankrupt act. By such an instrument the debtor not only selects his own assignee, but he selects one who has no power to question or attack a class of transactions which the bankrupt act seeks to prevent. That section of the bankrupt act which enumerates the grounds upon which the bankrupt's discharge shall be refused, so far as it refers to his disposition of property in contravention of the act, does not make time an element of the condition, except in one instance, viz., when he has procured his property to be seized on legal process, in which case this will not defeat his discharge, unless it was done within four months before the commencement of proceedings in bankruptcy. Upon the rule "expressum facit cessare tacitum," the omission of all reference to the time of the transaction, in its relation to the commencement of proceedings in bankruptcy, when the section deals with other dispositions of property in contravention of the act, is very significant, and in my judgment indicates that these dispositions of property will defeat a discharge, irrespective of the time when they were made. The bankrupt act wisely prescribes, that transfers of property by an insolvent debtor shall not be assailed, unless made within a certain period prior to the commencement of proceedings in bankruptcy: this however is for the safety of persons dealing with the bankrupt, and not for the benefit of the bankrupt himself.

---

[1] [Reprinted by permission.]

The character of his act is lawful or unlawful at the time it is done. In the absence of express language it' would be difficult to believe that congress intended that a bankrupt should be permitted to place all his property beyond the reach of the body of his creditors, and yet be granted or denied a discharge, dependent upon the fact whether or not he might see fit to file his petition in bankruptcy within a given period of time thereafter; and especially when, if he should file his petition promptly, so that the property could be recovered by his assignee in bankruptcy and distributed under the act, his discharge should be denied, while if he delayed until too late to assist in this beneficent result, he should be rewarded by a discharge. Yet this is the construction now sought to be enforced. My attention has been called to several cases which it is urged hold a different view from those I have expressed. It will be found that none of them hold that a transfer of property, which is in itself an act of bankruptcy, is not a ground for refusing a discharge because not made within four or six months before the commencement of the proceedings in bankruptcy. Discharge denied.