## In re DIEHL, Bankrupt.

*(District Court, S. D. New York.* February 9, 1883.)

BANKRUPTCY—PREFERENCE—DISCHARGE, WHEN BARRED—SECTIONS 5021, 5110.
 Where debtors in insolvent circumstances make transfers of their property for the security of a portion of their creditors only, without making equal provision for other creditors known to them, such transfers constitute a preference which will bar the debtor's discharge in bankruptcy under subdivision 9

of section 5110, without regard to the lapse of time, and although proceedings in bankruptcy were not commenced until eight months afterwards.

In such a case the provisions of the act of July 26, 1876, (19 St. at Large, 102,) amending section 5021, do not apply.

Application for Discharge in Bankruptcy.

*J. Homer Hildreth*, for bankrupt.

*G. A. Seixas*, for opposing creditors.

BROWN, J. The petitioner, Diehl, was a partner in the firm of Behning & Diehl. In 1877, the firm being indebted to the amount of about $18,000, of which about $9,000 was owing to the opposing creditor, Speers, and being in embarrassed circumstances, a meeting of their creditors was called, the result of which was that the property of the firm, except certain real estate, was divided between the two partners, each agreeing to pay certain specified creditors, and each gave mortgages of the property in trust as collateral security for the payment of certain creditors' claims. The opposing creditor, Speers had previously held a second mortgage on the firm's factory property. They refused to take this property in settlement of their claim, and no provision was made for them in the creditors' arrangement, or in the distribution of the property above referred to, nor did they assent to the arrangement. About eight months afterwards, on the fourth of May, 1878, Diehl was adjudicated a bankrupt in involuntary proceedings. Prior to this time he had paid certain of the creditors whom he had agreed to pay in accordance with the previous arrangement, and others had not been paid anything.

The discharge of Diehl is opposed by Speers under subdivision 9 of section 5110.

On behalf of the bankrupt it is contended that, as the arrangement in behalf of the other creditors, and the securities for them, were made more than six months prior to the adjudication, the objections under subdivision 9 are not available.

It is clear that the arrangement made with respect to the other creditors, without the assent of Speers, for the distribution of the firm property for the payment of the other creditors, was an arrangement giving them a preference. From the evidence it must be assumed, also, that at this time the firm was insolvent within the meaning of the bankrupt law; and the arrangement as respects Speers was of itself an act of bankruptcy, and therefore, within numerous decisions, an act in contemplation of bankruptcy under subdivision 9, § 5110. All the real estate was subsequently sold, and realized nothing above the first mortgage. Speers, who had a second mortgage on a part,

obtained nothing from his security. The event, therefore, shows that he was equitably justified in refusing to take the mortgaged property for his debt, which was nearly half what the debtors owed; and the arrangement made between the other creditors and the bankrupts was wholly indefensible legally as against him.

The court cannot relieve the debtors from the consequences of their acts. It has been repeatedly held that transfers of property in contemplation of bankruptcy and for the purpose of preferring creditors, are, under subdivision 9, a bar to a discharge, without reference to the lapse of time. In the *Case of Kasson*, 18 N. B. R. 379, the present circuit judge thus expressly held. The qualification in the act of July 26, 1876, (19 St. at Large, 102) does not avail the petitioner, inasmuch as these assignments by way of mortgage in trust for some of the creditors were not such an assignment as by that act is not to prevent a discharge in involuntary proceedings, since it was not an assignment of all the debtor's property, nor for the benefit of all their creditors ratably, but designedly excluded the present opposing creditor.

The discharge must, therefore, be denied.