## GOOCH *versus* GOOCH.

A watch, which the testator has been in the habit of carrying with his person, does not pass by a bequest of his wearing apparel;" nor by a bequest of his " household furniture."

TROVER for a gold watch.

*E. E. Bourne,* for the plaintiff.

*Dane,* for the defendant.

WELLS, J., orally. — The plaintiff claims title under a will. The testator devised to him certain real estate and also bequeathed to him his " wearing apparel." If the watch belongs to the plaintiff it must have been given by being included in the words " wearing apparel." It appears that the testator purchased the watch a few years before his death, and generally used it, by carrying it upon his person. Words used in wills are to be taken in their common and ordinary sense. The ordinary meaning of wearing apparel is vesture, garments, dress ; that which is worn by or appropriated to the person. Ornaments, may be so connected and used with the wearing apparel, as to belong to it. There are implements, such as pencils and penknives, carried about the person, but not connected with the wearing apparel. These are not to be considered as clothing. To which class does a watch belong ? It may not properly be called an implement, for it is used merely to look at. Neither is it used as clothing or vesture. In its use, it more nearly resembles the pencil or penknife. The Court are of opinion, that the watch did not pass under the phrase " wearing apparel."

It is contended that the watch was given to the *defendant* under the clause of the will, bequeathing to her the " household furniture, and other articles for family use." " Household furniture" means those things provided for, and appropriated to uses in the house ; as a clock, &c. A watch, kept hung up for use in the house, might be considered as belonging to it. There may be articles, which are sometimes used in the house, but are carried out by day and brought in at

night.    These articles would not have such a fixedness as to be considered household furniture.

Considering that the watch was used principally upon the testator's person, we do not think it is to be viewed as any part of the household furniture.

Neither is it to be deemed " an article for family use." That phrase may be properly limited to articles for use or consumption in the family.    Such was not the watch.

We hold, therefore, that the watch was not given to the defendant.                      *Judgment was entered according
                                 to an agreement of the parties.*