MARY H. SAWYER, *aplt. v.* HORACE B. SAWYER AND MARY C. SAWYER, *heirs of* GEORGE F. SAWYER, *deceased.*

*Wearing apparel. Descent of the real, and distribution of the personal estate of deceased persons. Rights of a childless widow.*

Neither the watch, or its chain, key and seals or the finger ring which were usually worn by a person when living, are to be deemed a part of his wearing apparel, which,

Sawyer *v.* Heirs of Sawyer.

after his decease, are, by § 1, of chapter 50 of the Compiled Statutes, to go to his widow. REDFIELD CH. J., *dissenting.* Otherwise of a bosom pin.

Nor are the sword and sword-belt, which an officer in the United States navy wore, in accordance with the regulations of the navy department, to be regarded as a part of his wearing apparel, within the meaning of the above statute; REDFIELD. CH. J., *dissenting.* But his epaultes are.

The widow of a person who left no issue is, if his real estate exceeds $1,000, entitled to that sum, and to one half of the residue *forever;* and she takes this *by descent.* She is also entitled to one half of the personal property, which is left for distribution.

To entitle her to this distribution, it is not necessary that she should avail herself of the provisions of § 6 of chapter 54 of the Compiled Statutes; nor is her right, in this respect, affected by the first provision in § 1 of chapter 50 of the Comp. Stat., when she claims no assignment under it.

APPEAL from an order of the probate court, in reference to the disposition and distribution of the estate of George F. Sawyer, deceased, intestate.

The intestate, George F. Sawyer, at the time of his decease, and for a period of about twenty years previous thereto, an officer, in active service, as purser in the United States navy, left a sword and sword-belt, and epaulets, which he wore during his life, in compliance with the laws of the United States and the regulations of the navy department, also a watch and watch-key, gold watch-chain, seals, with a black cord watch-chain to which was attached a gold head, a finger ring, and a breast or bosom pin, all of which were usually worn by the deceased on his person, upon all proper occasions, during his lifetime. His widow, Mary H. Sawyer, claimed all the above mentioned articles as part of the wearing apparel of her deceased husband.

The county court, June Term, 1855,—PECK, J., presiding,— decided that the watch, watch-key, chain, cord, seals, and the finger ring usually worn by the deceased on his finger, and the sword and sword-belt, were not to be deemed a part of the wearing apparel of the deceased; and that his widow was not entitled to them, as part of his wearing apparel; to which decision the said Mary H. Sawyer excepted.

The court further decided that the epaulets and bosom pin were to be deemed a part of the wearing apparel of the deceased, and that the said Mary H. Sawyer was entitled to them as such; to

which decision the heirs of the said George F. Sawyer excepted.

It appeared that the intestate died in June, 1852, leaving no children or their legal representatives, and no father, but leaving, among other heirs in the next degree, a brother, Horace B. Sawyer, and a sister, Mary C. Sawyer, who, in their own right, and by assignment and devise, were entitled to all the estate of the intestate, except so much as the widow was, by law, entitled to. The intestate left for distribution, after defraying the expenses of settling the estate and paying the debts, eighteen or twenty thousand dollars, consisting of about two thousand dollars in real estate, and the residue in personal property, mostly in money.

The widow had never made any application to the probate court for dower, or to have any of the personal estate set to her; nor had any been set to her except the wearing apparel of the deceased, *as such*, and an allowance to her for her support during the settlement of the estate.

The widow claimed that, in addition to the share in the real estate, to which she was entitled, she was entitled to one half of the personal property left for distribution.

The heirs claimed that, by the statutes of this state, the widow was not entitled to any part of the personal estate, and that they were entitled to the whole personal estate.

The court decided that of the real estate the widow was entitled to one thousand dollars, and one half the residue thereof, forever; and that she was entitled to one half the personal esate left for distribution, to which decision the said heirs, Horace B. and Mary C. Sawyer excepted.

*A. O. Aldis* and *H. R. Beardsley* for the appellees.

*G. F. Houghton* and *B. H. Smalley* for the appellant.

The opinion of the court was delivered, at the circuit session in September, by

BENNETT, J.    The statute enacts that, upon the death of the husband, the widow shall be allowed all her articles of apparel and ornament, and the wearing apparel of her husband. I should think it was the intention of the legislature, to include in the terms

" all the articles of apparel and ornament of the wife," most, if not all those things which, at the common law, go to make up her paraphernalia, which, it is well understood, is of two kinds, clothing, bedding, &c., suitable to her condition in life, and secondly, her ornaments. But when, in contrast to this language, they simply give her the *wearing apparel* of her husband, I think the legislature intended the term should be used in a more restricted sense, and be confined to its popular meaning, and include only such articles as may be properly termed the clothing of the husband, in contradistinction to ornaments. The primary motive of the legislature in giving the wearing apparel of the husband, upon his decease, to the wife, was not to make a provision for her support, but to save her from the mortification of seeing his apparel the subject of disposition or sale, as the case might be, for the benefit of creditors, which, ordinarily, would be but of little use to creditors, but in the case of ornaments, which many times are expensive, there may be a strong equity why creditors of an insolvent estate should have the benefit of them. The county court held that the watch, watch key, watch chain, cord and seals, and the finger ring, and the sword and sword belt, were not to be deemed a part of the wearing apparel of the deceased husband, and a majority of the court think this was a sound construction of the statute. They seem to me to fall clearly within the category of ornaments. To call them wearing apparel would be, as it appears to me, to give a latitudinarian meaning to the term, which the legislature never intended it should have. Though a watch may have a further use than mere ornament, yet that is not enough to make it and its incidents wearing apparel. The finger ring is peculiarly matter of ornament; and we are disposed to consider the sword and sword belt but emblems of distinction worn on special occasions, and which were in no way attached to the wearing apparel, so as to become a part of it. The belt may well be regarded as an incident to the sword. The regulations of the navy require them to be worn in foreign courts, purely as a badge of distinction. The epaulets were attached to the coat, which must be regarded as wearing apparel, and may well follow their principal. So with the bosom pin, it is attached to the shirt, and serves to keep it in place, and there is no showing in the case that the pin was of an

Sawyer *v.* Heirs of Sawyer.

extravagant value, whatever effect such a showing should be permitted to have. A majority of the court are disposed to affirm that part of the decree of the county court, in relation to the claim of the widow as to the wearing apparel of her deceased husband.

In respect to the decree making a distribution of the property, the court are unanimous in affirming the decision below.

The 1st section of the statute, chapter 55, provides, among other things, that the widow, upon the death of the husband, if there be no children, and his real estate shall exceed the sum of one thousand dollars, (which was this case,) shall have one thousand dollars, and one-half the remainder of such real estate forever. We see no objection to the proceedings of the county court, in relation to the real estate, and indeed none is seriously made by the counsel. Chapter 55, § 1, regulates the descent of real estate, and it is quite evident the widow, where there is no issue, is to have, in the first place, $1,000 out of the real estate, where the estate exceeds that sum, and if less, she is to have the whole forever.

The main controversy is in relation to the distribution of the personal estate. It is claimed by the heirs to the estate, that the widow is not entitled to any part of it. I apprehend that the first section of chapter 55, of the statute relates solely to the descent of real estate, and though the word estate might well comprehend both real and personal, yet the subject matter upon which that section is to operate, seems to be confined to lands, tenements and hereditaments, or some right thereto, or interest therein, and that being so, the term, the whole of his estate, in the second provision in relation to the descent of estates, should, I think, be confined to real estate, or some right or interest growing out of it.

But the first section of chapter 50 of Comp. Stat. p. 334, provides that, after certain things are accomplished, the residue of the personal estate shall be distributed in the same proportions, and to the same persons, and for the same purposes, as is prescribed for the descent and distribution of real estate. We think this statute, taken in connection with the one relative to the descent and distribution of real estate, must govern the case before us.

It is said in argument that the wife does not take a moiety of the real estate of her husband, where there are no children, by descent

but by appointment of law. This can be hardly correct. The fee of a moiety in such case goes to the widow absolutely and forever, and where the statute casts the fee upon any one, they may well be said to take by descent, and only in that way. We think the widow may well claim a moiety of the personal estate of her husband, under the last provision of section 1, chap. 50, of the statute, which declares that personal property shall go to the same persons and in the same proportions as is prescribed for the descent of real estate.

It is claimed by the heirs of the estate that the widow has lost all claim to the personal estate, by not availing herself of the provisions of sec. 6, chap. 51, in the revised statutes, which answers to sec. 6, chap. 54, in the compiled statutes, p. 363. It may be true that, if the widow claimed the benefit of that section, she must have waived the provisions made for her by law within eight months. But her failure to make the waiver in proper time does not operate as a forfeiture of the provision made for her by law as a childless widow. It only defeats her from the right of coming and claiming *dower* in her husband's estate, which might, in case of insolvent estates, be more beneficial to her than the provision made by law for her to have a moiety of the estate in fee, after the payment of the debts, &c.

So in regard to any benefit which the widow might claim under the first provision of sec. 1, chap. 50, of the Compiled Statutes. If she claimed the benefit of an assignment of personal property by the court of probate, it must be on condition that she had waived the provision made for her by law; but if she chooses not to avail herself of the provisions of that section, (which sometimes it may be for her interest to do,) she may still have the provision which the law has made for her, which is a moiety of the personal and real estate, after the payment of the debts, *i. e.*, over and above the one thousand dollars. It was not, we think, the object of the legislature, in the provision of the first part of sec. 1, chap. 50, in regard to a childless widow, to limit her right or claim under the 6th provision in that section, but to give her an option of waiving any right under the 6th provision, and claiming, by an assignment from the court of probate, in case the estate was insolvent or greatly in debt.

The court of probate had no power to make an assignment of

personal property to this widow, in lieu of her claim to the personal estate, unless she preferred to waive her claim; and if she did not, whatever was left after the payment of the debts, funeral charges, and expenses of administration, might well be regarded as *the residue* of the estate, and, as such, would, by the last provision in sec. 1, chap. 50, of the Compiled Statutes. go to the same persons and in the same proportions as is prescribed for the descent and disposition of the real estate; and we have already attempted to show that this widow, under the statute regulating the descent of real estate, takes out of the real estate, first, one thousand dollars, and a moiety of the residue *in fee, forever*, and that this is taking by *descent*, and, as matter of right, to all intents and purposes under the statute.

The decree of the county court is, in all things, affirmed, but as both parties excepted to the decision below, without costs.

REDFIELD, CH. J., dissenting. I do not choose to go very much in detail into the particulars of this case.

In regard to the wearing apparel of the husband, it seems to me there is ordinarily very little ground for question. And, as it almost never happens that the personal ornaments which one chooses to wear, or the few unimportant articles which one carries or wears about the person, involve much value to any one but the particular relatives and near friends, it seems desirable to me to give this provision a reasonably liberal construction in favor of the widow.

All the articles here involved, it is probable, and many others which may be supposed to exist in other cases, would avail but little towards paying debts, or swelling the amount of money for distribution. They are of almost no value, except to one who felt an interest in the person of the deceased, far less than new articles of the same description; but to the widow ordinarily, it may be presumed, they will be of far more value, and a good deal in proportion to the time they have been used by the husband.

I could not, therefore, entertain any doubt in regard to the military dress, epaulets and sword of the deceased. It was strictly dress, and nothing else. The sword was as strictly dress as the epaulets, and that as much as the coat. It was none of it worn

exclusively for covering or for comfort, but chiefly for ornament.

So, too, of the pin and ring, they are as strictly dress as one's sleeve buttons, or, indeed, as the buttons upon the back of the coat, or as anything, indeed, which is not strictly indispensable.

But the watch, perhaps, is more questionable. And still it seems to me that a watch which one wears, and the chain and seals are dress and apparel, and, as such, should go to the widow. It may not be necessary for upholding life within the statute exempting apparel from attachment. But I think it should be held exempt from taxation, and belong to the widow as "wearing apparel." But, upon inquiry and examination, both in this state and in other states, where they have a similar statute, I think the practical construction has been to regard a lady's watch as part of her apparel and ornaments, and thus belonging to her, but that the husband's watch is part of the estate, and does not go to the widow.