RILEY HARRINGTON v. ELIZA HARRINGTON's ESTATE.

*Descent.   Husband.   Acts of* 1870, *Nos.* 30, 31.   Gen. *Sts.*
c. 56, s. 1, (*R. L. s.* 2230.)

1. When the wife dies without issue and without representatives of issue, the husband takes the *whole of her estate up to the sum of* $2000, and *one half* of the remainder, though consisting *wholly of real estate or wholly of personal estate*, or, *partly* of the one and *partly* of the other.
2. When two statutes are approved the *same day*, they are approved contemporaneously; but, when one takes effect on its passage, and the other on the first day of the following January,—both amending the General Statutes,—the act taking effect *last*, is an amendment to the statutes as amended by the act taking effect *first*.
3. Gen. Sts. c. 56, s. 1 ; Gen. Sts. c. 51, s. 1 (sixth subdivision) ; Acts of 1870, Nos. 30, 31, (R. L. s. 2230, 2234,) as to the *descent* of the property of a *deceased* husband or wife, construed.

CASE heard at the February Term, 1880, VEAZEY, J., presiding.   The court rendered a judgment, *pro forma*, that the decree of the Probate Court be affirmed.   The Probate Court decreed that the husband was entitled to all the real estate, which was worth $1200 ; and *one half* of the personal property, which was worth $395.   The case is stated in the opinion of the court.

*T. Sibley*, for the plaintiff.

*W. B. Sheldon*, for the defendant.

The opinion of the court was delivered by

Ross, J.   Before the passage of No. 30 of the Acts of 1870, by the provisions of sec. 1, chap. 56, Gen. Sts., the real estate of an intestate who deceased, leaving a widow, but leaving no issue, descended wholly to such widow if the value thereof did not exceed $1000, and if such real estate exceeded in value $1000, then it descended to the widow to the value of $1000, and one half of the remainder ; and by the sixth subdivision of sec. 1, chap. 51, such widow also took one half the residue of such intestate's personal estate after the payment of the debts, &c.   Such was the construction placed upon these statutes in *Sawyer* v. *Heirs of Sawyer*, 28 Vt. 249, and recognized in *Wiser*

Harrington v. Harrington's Estate.

*and Wife* v. *Lockwood's Estate*, 42 Vt. 720. By the passage of No 30 of Acts of 1870, sec. 1, chap. 56, was not repealed, (*Kelsey* v. *Kendall*, 48 Vt. 24,) but simply amended so that such widow took the whole of such intestate's real estate, if it did not exceed $2000 in value ; and if it exceeded that sum in value she took $2000 in value of the same and one half of the residue thereof. The act of 1870 made no other change in sec. 1, chap. 56, than to raise the sum which such widow took in the real estate of her intestate husband, deceased, from $1000 to $2000. Immediately upon its passage the act of 1870 took effect and became sec. 1, of chap. 56 of the Gen. Sts. It commences, " Section one of chapter fifty-six of the general statutes is so amended as to read as follows." Then the language of said section as it stood in the General Statutes is repeated with the exception of the substitution of the words " two thousand dollars " for the words " one thousand dollars," wherever the latter occur in the second subdivision of said section. Acts Nos. 30 and 31 of the Acts of 1870 were approved the same day, and therefore contemporaneously, nothing being shown to the contrary. While the former took effect from its passage, the latter took effect the first day of January following its passage. Hence the reference in section 1, of No. 31, to section one of chapter fifty-six of the General Statutes is to that section as it was amended and in force when No. 31 was approved and took effect. By sec. 1 of No. 31 the real estate of a married woman who dies intestate without issue, leaving a husband, after the payment of the debts, &c., " descends " to the surviving husband in the manner and proportion provided as to the widow in sec. 1, of chap. 56, Gen. Sts. This gives such surviving husband the whole of such real estate to the value of $2000, and one half the remainder, if any. Hence in the case at bar the husband would take the whole of the intestate wife's real estate, the same being in value less than $2000. By sec. 2 of act No. 31, the personal estate of such intestate wife, after the payment of debts, &c., is to be " distributed to such surviving husband and the heirs in the same manner as the estate of a married man dying intestate and without issue, would be distributed to his widow and heirs." There is no doubt but that under this section, in connection with

the construction placed by the court upon the sixth subdivision of sec. 1, chap. 51, Gen. Sts., the plaintiff was entitled to one half of the deceased wife's personal estate. But the plaintiff claims that inasmuch as the real estate did not amount in value to $2000, he is entitled to have the deficiency of the real estate in this respect supplied from the personal estate to the value of $2000, and hence he was entitled to the whole of the personal estate. There is no doubt but that the Legislature, by act No. 31, intended, and we think did, place the husband and wife on an equality in the distribution of their respective estates where either dies intestate without leaving issue, or representatives of such issue. The main contention is in regard to the construction to be placed on the sixth subdivision of sec. 1, chap. 51, Gen. Sts., which reads as follows : " The residue, if any, of the personal estate shall be distributed in the same proportions, and to the same persons and for the same purposes, as is prescribed for the descent and disposition of real estate." The residue spoken of is what remains after the payment of the debts, funeral charges, and some other things mentioned in the previous subdivisions of the section. The language of this subdivision is exceedingly broad and comprehensive, and evinces a clear intention of the Legislature to have the residue of the personal property, in the distribution, placed on the same basis as the real estate, so far as it descends to the heirs of the intestate. In *Sawyer* v. *Heirs of Sawyer*, *supra*, the court were pressed to hold that the widow took the $1000 in the real estate by appointment, and not by descent, but refused so to hold. Hence, following the tenor of that decision, if the estate of the deceased husband was wholly personal estate, and he died leaving no issue nor representatives of issue, the widow would take, as the law now is, $2000, if the personal estate amounted to more than that sum, and one half the remainder. But if the estate was partly in real estate and partly personal estate, but the real estate was less in value than $2000, the widow would take all the real estate, and out of the personal estate enough, with the real estate, to amount to $2000, and one half the remainder of said personal estate. We think the Legislature, by sec. 1, chap. 56, Gen. Sts. as amended, and sixth subdivision of sec. 1, chap. 51, meant to give to the

widow of an intestate husband who deceased leaving no issue nor representatives of such issue, and whose estate, after paying the debts and other expenses, amounts to more than $2000, $2000 and one half of the remainder, whether the estate remaining to be distributed consists wholly of real estate or wholly of personal estate, or partly of real estate and partly of personal estate. We do not think that the fair meaning and intent of the statute was to leave such widow any more of it, if the estate to be distributed happened to be wholly personal estate, or partly real estate and partly personal estate, than she would be if it consisted wholly of real estate. Such being the construction we place upon these statutes, in case the wife survives the intestate husband, by No. 31 of the Acts of 1870, the appellant takes the whole of his deceased wife's estate up to the sum of $2000, though consisting partly of real and partly of personal estate ; and as both are less in amount than $2000, he takes the whole estate.

The *pro forma* judgment of the County Court is reversed, and judgment rendered on the agreed case that the appellant take the whole of the intestate estate, the same to be certified to the Probate Court.