ESTATE OF ELIZABETH D. TRAYLOR, DECEASED (No. 2).

[No. 4,705; decided April 18, 1887.]

Will.—A Bequest of "Ornaments" is in this case construed to embrace jewelry and "jewels in general."

Will.—A Bequest of "Her Wardrobe" by the testatrix is held in this case not to include her "ornaments."

J. F. Swift, for executors.

Wm. Thomas, for Louise E. Matthews, legatee.

Selden S. Wright, for certain absent devisees and legatees.

D. Wm. Douthitt, for heirs at law.

J. C. Bates, of counsel with Douthitt, for heirs.

COFFEY, J.   Elizabeth D. Traylor died, leaving a will, duly admitted to probate in this court, November 10, 1885, in which (inter alia) she made a bequest in terms as follows:

"To my niece, Louise E. Matthews, of this city, I give ten thousand dollars, my piano, sewing machine, finger rings (save the diamond ring I habitually wear), and so many of

my books, pictures and ornaments (not otherwise bequeathed specifically) as she shall choose to take. I also charge my executors, hereinafter named, to purchase, or otherwise provide for said Louise E. Matthews, a house, such as in their judgment shall best befit her condition in life, and to permit her to furnish the same from the furniture of my home.''

In a codicil admitted to probate at the same time, she provides that:

''Mrs. Margaret A. Wilson shall have so much and so many articles of my wardrobe as she shall care to take.''

The question presented is, What passes to the legatees under the terms ''ornaments'' and ''wardrobe''?

1. What are ''ornaments''?

''The words of a will are to be taken in their ordinary and grammatical sense, unless a clear intention to use them in another sense can be collected, and that other can be ascertained'': Civ. Code, sec. 1324.

''In case of uncertainty arising upon the face of a will, . . . . the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of oral declarations'': Civ. Code, sec. 1318.

We must, in such case, take the will, holding it ''by the four corners,'' and read it in the light of the circumstances surrounding its execution.

The word ''ornaments'' is of Latin derivation, and, going to the source for a definition, we find in Andrews' Latin-English Lexicon:

''ORNAMENTUM, *n.* (1) Apparatus, accoutrement, equipment, furniture, trappings, etc.; *ceterae copiae. ornamenta, praesidia,* Cic. Cat. 2, 11, etc. (2) An ornamental equipment, ornament, decoration, embellishment, *jewel,* trinket; *pecuniam, omniaque ornamenta ex fano herculis in oppidum cartulit,* JEWELS, Caes. B. C. 2, 18; *quae (urbs, praesidio et ornamento est civitati,* Caes. B. C. 7, 15; *ipse ornamenta a chorago haec sumpsit, i. e.,* a dress, costume, Plant, Trin. 4, 2, 16, etc.; *ornamenta triumphalia consularia,* the insignia of triumphing generals, etc.''

Worcester defines:

"ORNAMENT.  (1) Embellishment; decoration; that which adorns or beautifies.

"*Illustration*: I hold every man a debtor to his profession, from the which, as men of course do seek to receive countenance and profit, so ought they of duty to endeavor themselves, by way of amends, to be a help and *ornament* thereunto.                                                    —*Bacon.*

"(2) [Fine Arts.] Any accessory part of a work which has the merit of adding to its beauty or effect.

"*Illustration*: Pedestals, pediments, draperies, fringes, garlands, vases, cameos, utensils of elegant and picturesque form, are the usual subject of ornament in painting.
                                             —*Fairholt.*"

Webster's definition is:

"That which embellishes; that which adds grace or beauty; embellishment; decoration.

"The ornament of a meek and quiet spirit, which is in the sight of God of great price.                         —*1 Peter, iii, 4.*

"Is it for that such outward *ornament*
Was lavished on their sex?                    —*Milton.*

"ORNAMENTAL, *a.* [Lat. as if *ornamentalis* from *ornamentum.*] Serving to ornament; giving additional beauty; embellishing.

"Some think it most *ornamental* to wear their bracelets on their wrists; others about their ankles.           —*Browne.*"

There are many terms of frequent occurrence in legacies, in regard to which there have been almost an indefinite number of decisions; but cases generally depend so much upon their peculiar circumstances, and the accompanying context, that one can afford very slight aid toward the determination of another not precisely similar.  Thus, the word "jewels" is often brought under discussion, as in Attorney General v. Harley, 5 Russ. 173, where the testatrix directed all her jewels to be sold, except certain rings, and her necklaces of every description, pearls, garnets, carnelians and watches, which she gave specifically; and it was held that a diamond necklace and cross came under the direction for

sale, and the pearl necklace passed under the specific bequest: 2 Redfield on Wills, *123, *124, sec. 13.

Webster defines:

"JEWEL, *n.*  1. An ornament of dress in which the precious stones form a principal part.

"Plate of rare device,

'And *jewels* of rich and exquisite form.  —*Shakespeare.*

"Sweet are the uses of adversity,

Which, like the toad, ugly and venomous,

Wears yet a precious *jewel* in his head.  —*Ibidem.*

"2. A precious stone; a gem."

From a careful study of the will and codicil, and from an elaborate examination of the authorities cited by counsel, I have come to the conclusion that the contention of the attorney for the heirs at law (that the word "ornaments" in the bequest "does not apply to jewelry," and is not used in that sense) is not sustainable; and that, applying the canons of construction to this instrument, the court must, and it does, conclude that jewelry, "jewels in general," are within the meaning of the clause "ornament (not otherwise bequeathed specifically) as she shall choose to take."

2. The second point presented for construction is: What is included in the word "wardrobe," in the bequest to Mrs. Margaret A. Wilson?

Counsel for this legatee argues strenuously that "wardrobe" is a general term and includes "ornaments." Among the authorities relied upon by the ingenious and able counsel was Thomas Carlyle, not generally recognized in controversies of this character, but entitled to respect for his skill and exactitude in the use of words. The counsel cited Carlyle's Sartor Resartus, and I find on pages 25-27 (of the People's Edition, London, Chapman & Hall, see in the [San Francisco] Law Library) reference to Herr Teufelsdroch's dissertation on "Clothes," beginning with the remark:

"The first purpose of clothes was not warmth or decency, but *ornament.*"

Webster defines wardrobe to be:

"1. A room or apartment where clothes are kept, or wearing apparel is stored; a portable closet for hanging up clothes.

"2. Wearing apparel in general; articles of dress or decoration."

In Gooch v. Gooch, 33 Me. 535, it was decided that a watch, which the testator had been in the habit of carrying with his person, did not pass by a bequest of his wearing apparel. We see that, according to Webster, "wardrobe" is "wearing apparel in general," so that the Maine case is in point. As the reasoning of the court in Gooch v. Gooch is applicable, we shall appropriate it to the present purpose. The judge, in delivering his decision, said that if the watch belonged to the plaintiff it must have been given by being included in the words "wearing apparel." It appears that the testator purchased the watch a few years before his death, and generally used it by carrying it upon his person. Words used in wills are to be taken in their common and ordinary sense. The ordinary meaning of wearing apparel is vesture, garments, dress; that which is worn by or appropriated to the person. Ornaments may be so connected and used with the wearing apparel as to belong to it. There are implements, such as pencils and penknives, carried about the person but not connected with the wearing apparel. These are not to be considered as clothing. To which class does a watch belong? It may not properly be called an implement, for it is used merely to look at. Neither is it used as clothing or vesture (wearing apparel or "wardrobe"). The judge deduced the conclusion that the watch did not pass under the phrase "wearing apparel."

If the context of the will of Mrs. Traylor did not show clearly that she intended a limitation or restriction of her bequest to articles of bodily vesture, the authorities cited would render the conclusion inevitable, but the terms of the will, in this instance at least, are plain enough to exclude "ornaments" from the bequest of the "wardrobe."

The Principal Case was Affirmed by the supreme court in 75 Cal. 189, 16 Pac. 774.