Matter of the Judicial Settlement of the Account of Proceedings of STEPHEN HOLDEN, as Executor, etc., of LUCIA A. PALMER, Deceased.

(Surrogate's Court, Westchester County, November, 1919.)

Wills — what does not pass under a bequest — contracts — bequests — royalties — definition of "wearing apparel."

Where testatrix sold certain publications and copyrights of her late husband, the royalties received by her under the contracts of sale do not pass under a bequest given by her will of the "unsold publications and copyrights of my late husband."

While a bequest of "wearing apparel" is sufficient to include a watch and chain, it will not include earrings, finger rings, bar breast pins and a bracelet of considerable value.

PROCEEDING upon the judicial settlement of the account of an executor.

Holden & Cavanaugh, for executor.

Gabriel Reevs, special guardian.

SLATER, S. Upon this accounting, the executor and special guardian ask for the construction of the " twentieth " and " twenty-fifth " clauses of the will. The " twentieth " clause gives " the unsold publica-

tions and copyrights of my late husband." It appears that there are some unsold publications and copyrights. The estate is in receipt of payments of royalties for those that have been sold by the testatrix in her lifetime under contracts providing for payment from time to time. The title, however, passed at the time of the purchase and the proceeds of these sales do not belong to the legatee mentioned in the " twentieth " clause, but fall under the residuary clause set forth in the " thirtieth " paragraph of the will.

The " twenty-fifth " clause of the will gives to three relatives, to be equally divided between them, certain named personal property, including " my wearing apparel." The question submitted is — what is " wearing apparel? " Wearing apparel usually means clothing and garments protecting a person from exposure. The personal property in question consists of earrings, finger rings, bar breast pins, a watch and chain and a bracelet, of considerable value.

The cases in the several states of the Union are not at all in accord upon what should be included as " wearing apparel " of a man or woman.

In *Gooch* v. *Gooch,* 33 Maine, 535, it was held that a watch which testator had been in the habit of carrying did not pass by a bequest of his " wearing apparel."

In *McCormick* v. *Hudson River R. R. Co.,* 4 E. D. Smith, 181, held that " wearing apparel " includes a gold watch, and when not carried about the person but in a trunk while traveling is an article of baggage.

In *Matter of Smith,* 96 Fed. Repr. (Texas) 832, held that " wearing apparel " in its popular sense includes all articles of dress generally worn by persons in the calling and condition of life and in the locality of the residence of the persons claiming the exemption.

In *Matter of Steele*, 22 Fed. Cas. 1202, the court said: '' It would not be doing any great violence to the meaning of the term ' wearing apparel,' as used in the bankrupt act, to include in it a gold watch of moderate value.''

In *Towns* v. *Pratt*, 66 Am. Dec. 727, the Supreme Court of New Hampshire said: ''Articles of jewelry designed to be worn upon the person as ornaments, are not ' wearing apparel ' in the popular sense of the term,'' and a breast pin was held not exempt. A diamond stud used for the purpose of fastening a shirt front was held to be '' wearing apparel.''

In *Matter of Gemmell*, 155 Fed. Repr. (Penn.) 551, held that a diamond ring worth several hundred dollars, worn by a bankrupt, is not exempt under the state statute as '' wearing apparel.''

Cases may be cited to justify holding the articles named to include '' wearing apparel '' in case claim had been made under exemption; tariff laws, or loss by common carrier. Even in such cases there is marked discord.

It has been held that '' wearing apparel '' includes jewelry, in *Sawyer* v. *Sawyer*, 28 Vt. 249; *Frazier* v. *Barnum*, 19 N. J. Eq. 316; and does not include jewelry in *Matter of Kasson*, 14 Fed. Cas. 7616; *Fox's Appeal*, 99 Penn. St. 382.

Here we have a will. What was the intent of the testatrix as gathered from the written document? She named many small things in many clauses in her will, as gifts to many friends and relatives. Had she intended to give these jewels, all of some considerable value, she undoubtedly would have said so.

There is no case in our state courts to assist in solving the instant case. There is no reason why a special or technical meaning, rather than the ordinary

14

meaning of "wearing apparel," should be given to the term as used in the will. Therefore, I shall follow the ruling in *Dox's Estate*, 30 Penn. Super. Ct. 393, as being sound and reasonable.

In New York state, the General Business Law relating to hotels and boarding houses and to the responsibility of innkeepers, names money, jewels or ornaments, in section 200, as property that should be placed in the personal possession of the innkeeper of the inn and, by section 201, limits the loss of clothing liability under the words "wearing apparel, goods or merchandise."

I shall hold that the watch and chain passed as "wearing apparel" under the "twenty-fifth" clause of the will, and that the other jewelry, earrings, finger rings and breast pin do not fall within the definition of the words "wearing apparel" and pass under the "thirtieth" clause of the will, which is a gift of all the rest, residue and remainder of the property of the decedent.

Decreed accordingly.