In the Matter of the Estate of DELIA ROOSA THORN, Deceased.

Surrogate's Court, Oneida County, December 2, 1936.

*Kernan & Kernan*, by *Howard Taylor*, one of the executors, in person, for the executors.

*Kate E. Donovan*, in person, legatee under will of decedent.

EVANS, S.   This is a proceeding by the executors for a judicial settlement.   Kate E. Donovan, a legatee, claims certain jewelry and other personal property under the third clause of the testatrix's will, which reads as follows:

" *Third.*   I give and bequeath to Kate E. Donovan of Utica, N. Y., the following:

" (a) The sum of Five thousand dollars ($5000.00).

" (b) All of my furniture not hereinafter otherwise specifically bequeathed.

" (c) My gold watch marked ' H. H. T.' which was my Mother's.

" (d) All of my clothing and wearing apparel of every kind and description.

" (e) My canary bird ' Ondre ' and all bird accessories.

" (f) All my silverware not otherwise specifically hereinafter bequeathed, all my carpets, rugs, curtains, table linen, blankets, bed linen, kitchen utensils, all my dishes of every kind, all of my household and garden utensils and implements and all coal and provisions on hand."

The executors have reserved certain personal property claimed by this legatee which consists of about forty or more articles of personal property, mostly jewelry.   There are pins, beads, earrings, gold lockets, bracelets, watches, cuff links, pendants, diamond

rings, gold rings, coins and other articles included in this list. The legatee claims that the above-mentioned property passes to her under the paragraph of the will above mentioned under the designation of wearing apparel.

It is fundamental in construing wills that the intent of the testatrix should govern over other considerations. Here we have in subdivision (c) of the third paragraph of the will bequeathed to this legatee " my gold watch marked ' H. H. T.' which was my Mother's." This provision is significant in that it discloses the fact that the testatrix had in mind her many articles of jewelry and specifically bequeathed the gold watch mentioned. The courts are not uniform in their decisions as to what constitutes wearing apparel, particularly in the use of that term as applied to jewelry. A construction concerning exempt property, tariff laws, or the liability of a common carrier may differ widely from the construction as applied to a will. (*McCormick* v. *Hudson River Railway Co.*, 4 E. D. Smith, 181.)

In the case of *Gooch* v. *Gooch* (33 Me. 535) it was held that a watch which the testator had been in the habit of carrying did not pass by a bequest of his " wearing apparel."

In *Matter of Palmer* (109 Misc. 207) the testatrix, as in the case at bar, had given to many persons named in her will a great variety of small articles of personal property. Wearing apparel is there defined to mean clothing and garments protecting a person from exposure. As in the case at bar the personal property in question consisted of earrings, finger rings, bar breast pins, a watch, chain, and a braclet. The court remarked in this connection that if the testatrix intended to give these jewels to certain claimants she would undoubtedly have said so.

In the case at bar, the testatrix having specifically bequeathed to this legatee a gold watch particularly identified, there appears to be no reason why the testatrix should have confused the disposition of the other articles of jewelry by including them under the term of wearing apparel and giving an uncertain and dubious meaning as to their disposition.

I hold and decide that the jewelry and other articles of personal property under consideration did not pass to this legatee but became part of the residuary estate.

Decreed accordingly.