**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

|  |  |  |
|---|---|---|
| | } | |
| In re: Cote Notice of Violation | } | Docket No. 273-11-06 Vtec |
| | } | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

|  |  |  |
|---|---|---|
| | ] | |
| Town of St. Albans, Plaintiff, | } | |
| v. | } | Docket No. 165-8-07 Vtec |
| Janet Cote, Defendant. | } | |
| | } | |

## Decision on Motions to Dismiss

Each of these two cases[1] concern allegations of a zoning violation, which Janet Cote (hereinafter referred to as "Appellant" in both proceedings) contests in Docket No. 273-11-06 Vtec, and the enforcement action brought against Appellant by the Town of St. Albans ("Town") in Docket No. 165-8-07 Vtec, based upon the zoning violation Ms. Cote is challenging.

Appellant has filed motions to dismiss in both pending dockets,[2] asserting that there is no longer a live controversy before the Court and that the issues before the Court are therefore moot. Appellant asserts in the alternative that, if there is a justiciable controversy, this Court lacks subject matter jurisdiction over the controversy because the alleged actions are governed by civil law pertaining to surface water discharge rights.[3] In addition, Appellant contends that this Court lacks the statutory authority to impose fines and that the principles of due process prohibit this Court from imposing fines. Lastly, Appellant asserts that she is entitled to a jury trial under provisions of the Vermont Constitution.

---

[1] Because the NOV appeal (Docket No. 273-11-06 Vtec) has progressed much farther on our docket than the enforcement action (Docket No. 165-8-07 Vtec), these cases have not been consolidated for trial.

[2] Each of Appellant's two motions initially reference Docket No. 165-8-07 Vtec, with a hand-written notation that states "or Docket No. 273-11-06 Vtec." We therefore conclude that Appellant intended to file each of her two motions in each of the pending cases.

[3] While Appellant does not expressly so state, we assume that Appellant asserts that civil claims concerning surface water discharge rights preclude this Court from adjudicating the Town's zoning enforcement claims.

The Town opposes these motions on several grounds, stating that the mootness issue is a question of fact that ought to be examined at the trial on Appellant's notice of violation appeal, now scheduled for December 19th and 20th. The Town also argues that this Court has subject matter jurisdiction because the Appellant's activities required a zoning permit.

Appellant represents herself.[4] The Town is represented by David A. Barra, Esq. In Docket No. 273-11-06 Vtec, interested persons Leo Bilodeau and John E. Maslar represent themselves, but have filed no pleadings in response to the pending motions.

## Introduction

For consideration of the pending motions, we need only briefly recite the material facts; it appears that most or all of these material facts are disputed, thereby necessitating resolution at trial, in the event the Town's notice of violation ("NOV") and enforcement actions survive the pending motions.

The Town asserts that Appellant "placed more than 100 cubic yards of fill on her property and altered the flow of water across [her] property without obtaining the necessary [zoning] permit." Town Opposition to Motion to Dismiss at 1. Appellant denies this municipal allegation, and denies that whatever she did on her property required a zoning permit. While not waiving her right to contest the pending NOV, Appellant asserts that she has done sufficient remedial work on her property so as to render the Town's enforcement actions as non-justiciable. This later assertion forms the basis of one of Appellant's two pending dismissal motions. The Town asserts that justiciable issues remain, whether or not Appellant has completed sufficient remedial work on her property, which the Town also disputes.

## Discussion

We begin our analysis with a recitation of the important general tenet that "Vermont courts are vested with subject matter jurisdiction only over actual cases or controversies involving litigants with adverse interests." Brod v. Agency of Natural Res., 2007 VT 87, ¶ 8, citing Agency of Natural Res. v. U.S. Fire Ins. Co., 173 Vt. 302, 306, (2001). Appellant here asserts that both the NOV and the enforcement action should be

---

[4] Appellant filed two motions to dismiss on November 5, 2007. Appellant, appearing pro se, signed both. However, both motions contain a handwritten notation next to the signature block stating "motion prepared by Attorney John L. Franco, Jr."

dismissed as moot because, as Appellant claims, the offending conditions have been corrected. The Town responds by both disputing that Appellant has completed sufficient remedial work and by contending that a justiciable issue remains in both cases, even if Appellant has completed all remedial work. For the reasons detailed below, we agree with the Town.

In reviewing a motion to dismiss, "we assume that all well pleaded factual allegations in the [nonmoving party's] complaint are true, as well as all reasonable inferences that may be derived therefrom." In re Appeal of Carroll, 2007 VT 19, ¶ 2. We will look to see whether there are any circumstances that would entitle the nonmoving party to relief. Kane v. Lamothe, 2007 VT 91, ¶ 2.

"Generally, 'a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" In re Grievance of Vt. State Employees' Ass'n, Inc., 2005 VT 135, ¶ 10, 179 Vt. 578, 581 (2005) (quoting In re Moriarty, 156 Vt. 160, 163 (1991)). In this case, the question of whether the Town has a legally cognizable interest in the outcome of these cases is intertwined with whether we have the authority to grant the relief the Town requests. We address these two issues together.

The Town has brought its enforcement action under 24 V.S.A. §§ 4451 and 4452. Section 4451 allows this Court, after appropriate notice, to impose a fine of not more than $100 for each violation of a zoning bylaw, with each day that a violation is continued constituting a separate offense. 24 V.S.A. § 4451(a). Section 4452 allows this Court to enjoin certain acts or uses that constitute a violation of zoning bylaws adopted under Chapter 117 of Title 24. 24 V.S.A. § 4452. Thus, this Court is charged with determining whether a violation of a lawfully adopted zoning by-law has occurred.

While it is often a wise course for a municipal zoning defendant to remedy their zoning transgressions as soon as they can, such remedial acts do not make their past zoning transgression evaporate. Zoning violators who have cured[5] may nonetheless be found to owe civil fines for their past violations; zoning violators who have chosen not to cure may be charged with civil fines for their continuing violations as well.

---

[5] Complete remedies that occur within seven days of a town's notice of violation would bar the town from commencing an enforcement action.

Because § 4451 provides statutory authority to impose fines for violations of zoning bylaws, whether such violations remain pending at trial or been previously corrected, a justiciable issue remains for this Court to adjudicate, whether Appellant here has completed the necessary remedial work or not. We must therefore DENY Appellant's motion on the issue of our statutory authority to impose fines.

Section 4451 does not allow us to erase liability for fines, even if an alleged offender rectifies the alleged zoning violations. See 24 V.S.A. § 4451 (containing no provision to retroactively erase fine liability). Therefore, our decision here will have an impact on both parties, and the issues here are not moot. See Holton v. Dept. of Employment and Training, 2005 VT 42, ¶ 14, 178 Vt. 473, 153 (2005).

Moreover, as with any number of zoning violation cases, we are concerned that exercising our discretion to dismiss zoning enforcement actions simply when the alleged violation is rectified will not leave the proper impression upon the alleged violator; it could suggest that the alleged offender is free to renew a violation after briefly correcting the violation.

Voluntary cessation of an alleged zoning violation does not render a case moot. As our Supreme Court and the United States Supreme Court have held, "mere voluntary cessation of allegedly illegal conduct does not moot a case; if it did, the courts would be compelled to leave the defendant free . . . to return to his old ways." All Cycle, Inc. v. Chittenden Solid Waste Dist., 164 Vt. 428, 432-33 (1995) (quoting U.S. v. Concentrated Phosphate Export Ass'n, 393 U.S. 199, 203 (1968)) (internal quotations omitted). For these reasons, we must DENY Appellant's motion to dismiss these cases as moot.

Appellant also challenges this Court's jurisdiction to consider the subject matter of this appeal, contending that we have no jurisdiction to consider a surface water discharge claim because there has been no change in use that triggers zoning jurisdiction. The Town generally asserts that this Court does have jurisdiction, contending that Appellant's actions required a zoning permit and her failure and refusal to obtain such a permit amounts to a zoning violation. While it may be true that Appellant's actions could lead to one of her neighbors instituting a private civil action, alleging that their surface water rights have been damaged, we can see no legal basis for concluding that such a

civil remedy should supersede or replace the zoning violation proceedings initiated here by the Town.

We have jurisdiction to consider zoning violations, including failures to obtain required zoning permits, all of which are "matters arising under . . . 24 V.S.A. Chapter 117 . . .." 4 V.S.A. § 1001(b). Chapter 117, subchapter 9 relates in pertinent part to enforcement of zoning bylaws and administration of penalties. Appellant has not offered a specific refutation of our jurisdictional authority to hear and render a decision on the Town's enforcement complaint.

Appellant's challenge to this Court's jurisdiction to adjudicate the Town's enforcement proceedings appears to misconstrue the nature of these cases. Neither the NOV appeal nor the Town's enforcement action seeks adjudication of private surface water rights and obligations under the common law rule as explained in cases such as Pion v. Bean, 2003 VT 79, ¶ 25, 176 Vt. 1, 10 (2003) (holding that an upper owner has the right to have surface water pass to lower lands in its natural condition, and that a lower owner must accept the natural flow of water over her lands). Instead, the Town has alleged a violation of its zoning bylaws, asserting that Appellant has altered her land and excavated soil in a way that required a zoning permit, since her actions could cause a substantial change in the volume, velocity or direction of drainage, all without site plan approval as required by local zoning regulations. Town of St. Albans, Zoning Bylaws & Subdivision Regulations § 411(2). Therefore, particularly when viewing the facts alleged in these proceedings in a light most favorable to the Town (as the nonmoving party), we conclude that we have subject matter jurisdiction over this appeal, and must therefore DENY Appellant's motion to dismiss for lack of subject matter jurisdiction.

Appellant also asserts that her procedural due process rights would be violated if fines are imposed under these circumstances. Appellant argues that fines must be precluded here in part because she has cured any offending conditions on her property and in part because she had a good faith basis for contesting the applicability of the zoning bylaws to her situation. Appellant relies upon a line of cases, beginning with the U.S. Supreme Court decision in Ex Parte Young, that hold unconstitutional enormous fines and other penalties that are triggered upon unsuccessful judicial review of the validity of underlying substantive statutes. See, e.g., Ex Parte Young, 209 U.S. 123, 148

(1908) ("We hold, therefore, that . . . provisions of the acts relating to the enforcement of the rates [that impose] enormous fines and possible imprisonment as a result of an unsuccessful effort to test the validity of the laws themselves, are unconstitutional on their face . . ..").

The zoning violation proceedings here may be distinguished from Ex Parte Young on this issue. Here, the Appellant was not and is not subject to fines, enormous or otherwise, if she unsuccessfully pursues judicial review of the applicability of the zoning bylaws to her situation. Therefore, the rule of Ex Parte Young is inapplicable here.

It is apparent that, thus far, Appellant has been afforded both notice of the alleged violation and an opportunity to be heard by the Town of St. Albans Zoning Administrator and the DRB. See Letter from Rebecca Bushey, Town of St. Albans Zoning Administrator to Ms. Janet Cote (July 11, 2006) (filed Apr. 11, 2007); Notice of Decision, Town of St. Albans DRB (Nov. 21, 2006) (filed Nov. 27, 2006). This pre-deprivation notice and opportunity to be heard fulfills the procedural due process obligations thus far entitled to Appellant. We can discern no violation of these rights. Hegarty v. Addison County Humane Soc., 2004 VT 33, ¶ 18, 176 Vt. 405, 411-412 (2004). Therefore, we must DENY Appellant's motion on this issue.

Lastly, Appellant contends that she is entitled to a jury trial on the remaining issues of fact, arguing that this right is protected by Chapter I, Article 12 of the Vermont Constitution. The Town, in its response, asserts that there is no right to a jury trial in zoning violation cases, citing In re Letourneau, 168 Vt. 539 (1998). We note initially that Letourneau is not applicable here. In that case, the landowner did not argue that his right to a jury trial, as secured by a constitutional provision, was violated. Letourneau, 168 Vt. at 552. Instead, he argued that he was denied the right in violation the 14th Amendment Equal Protection Clause. The Supreme Court discussed and denied his claim using 14th Amendment analysis, specifically noting that he had not discussed the right as it might have been secured by statute or constitutional provision. Id at 552-54. Here, in contrast, Appellant has claimed that her right to a jury trial is secured by a constitutional provision.

Our state Constitution provides "[t]hat when any issue in fact, proper for the cognizance of a jury is joined in a court of law, the parties have a right to trial by jury, which ought to be held sacred." Vt. Const. ch. I, art. 12. "[I]t is well established that this

provision does not extend the right of a trial by jury, but merely secures it to the extent it existed at common law at the time of the adoption of the Constitution." State of Vt. Dept. of Taxes v. Tri-State Indus. Laundries, Inc., 138 Vt. 292, 297 (1980). However, the fact that a cause of action existed at the adoption of the Constitution is not enough; the cause of action must have been triable by a jury at common law as well. See In re Weatherhead's Estate, 53 Vt. 651, 656-57 (1881) (noting that some cases "are held not to be within the provisions of the constitution relating to jury trials; because by the custom of the common law no such trials are had in such cases").

We note that zoning regulations derogate, or deviate from, the common law. Appeal of Weeks, 167 Vt. 551, 555 (1998). In fact, at common law, land use restrictions did not take the form of zoning regulations; land use restrictions took the form of common law nuisance initially, and only later did the concept of zoning emerge. 1 Kenneth H. Young, Anderson's American Law of Zoning § 3.03 (4th ed. 1996). Because zoning violation enforcement actions were not recognized at common law, and therefore were not triable by jury at common law, we cannot hold that Appellant is entitled to a jury trial by Chapter I, Article 12 of the Vermont Constitution. Therefore, we must DENY Appellant's motion on this issue.

For the forgoing reasons, Appellant's motions to dismiss and motion for a jury trial are both **DENIED**. The final pre-trial conference has been re-scheduled for December 10 at 1:00 PM and will continue to occur as scheduled. Trial upon Appellant's challenge to the Town's notice of violation has been scheduled for December 19 and 20 and will be conducted as scheduled. Trial on the Town's enforcement action will be scheduled after this Court renders its decision on Appellant' NOV appeal.

Done at Berlin, Vermont this 5th day of December, 2007.

_____
Thomas S. Durkin, Environmental Judge