*Langdon,* for appellant,
*Smith,* for appellees.

————————

### DAVID LEAVITT vs. JOSEPH METCALF.

Butter, made from the milk of a debtor's only cow, is exempt from attachment and execution

And so is a time piece.

This was an action of *trespass* for taking and carrying away one brass time piece, and one tub of butter, made from the milk of the defendant's only cow, containing 40 lbs. The defendant admitted the taking and carrying away, but justified under the levy of an execution.

The only question raised at the trial was, whether the property was exempt from execution. The court charged the jury, that if they found it was the only time piece the plaintiff had in his house, and that the butter was made from the milk of the last cow, the property was exempt from execution, and they might find for the plaintiff. And the jury accordingly so found. To which charge the defendant excepted, and removed the cause to this Court on a motion for a new trial.

TURNER, J. delivered the opinion of the Court.—The statute passed in 1797, *page* 208–9, *sec.* 1, authorizes the levying of executions upon the property, goods or chattels of the debtor ; " always excepting one cow, and such suitable apparel, bedding, tools, arms, and articles of household furniture, as may be necessary for upholding life."

WINDHAM,
*February*
1829.

Leavitt
*vs.*
Metcalf.

In November, 1818, the legislature further exempted from execution, " after the 1st day of January, 1819, ten sheep, and one year's product of said sheep, either of wool, yarn or cloth ; the best swine, or the meat of said swine ; and forage sufficient for the keeping of not exceeding ten sheep and one cow." *Stat. p.* 235–6.

The question depends upon a correct construction of the statute, which must be such as to carry into effect the mind and will of the legislature at the time of passing the act. It is properly a remedial statute, evidently intended to prevent families from being stript of the last means of support, and left to suffer, or cast as a burden upon the public ; and to rescue them from the hands of unfeeling creditors ; and the better to enable such poor debtors to satisfy the just demands against them. The statute must be liberally expounded in favor of humanity. It seems that after passing the act of 1799, under which the property is claimed to be exempt, we find that the legislature extended their humanity still further in favor of poor debtors, by exempting other property, and were more clear and definite in the description of it. The last act assists in the construction of the first ; and enables us more fully to ascertain the reason and spirit of it. It is to be presumed, that, after the passing of the first act, attempts were made to evade it ; which caused the legislature to be more clear and definite in the act of 1818. From 1797 to 1818 we improved much in civilization. As people emerge from a barbarous to a civilized and refined state, they are less cruel towards the unfortunate, and hold out stronger inducements to industry and economy, and are more reluctant to permit the creditor to torture his poor debtor, or reek his vengeance, without a prospect of obtaining his debt. Then what are we to understand by always excepting one cow ? Is it not that the family may have a support ? We cannot presume that they intended the debtor should be at the expense of keeping the cow, and for the creditor to have the profits. Hence it must follow, that the butter made from said cow must necessarily be within the exceptions.

This statute has uniformly received a liberal construction, exempting such household furniture as prudent families were accustomed to have.

It was made to appear on the trial that there had been two de-

WINDHAM,
February,
1829.

Leavitt
vs.
Metcalf.

cisions exempting the debtor's only time piece : and notwithstand-ing this liberal construction of the courts, the legislature still exten-ded the last act much further than the first; which is a strong ex-pression of their approbation of the liberal construction given by the court.  It must be admitted that there is a great convenience in a family's having some means of keeping time, even in health, but more especially in sickness.  We do not pretend that a time piece is absolutely necessary for subsistence, and also many other articles that have *always* been considered exempt under this stat-ute.  The word necessary, or necessaries, has ever been con-sidered, in legal language, to extend to things of *convenience* and *comfort,* and to things suitable to the situation of the person in society ; and is not confined to things absolutely necessary for mere subsistence.  An infant may be liable for clothes, which need not necessarily be of a coarse quality ; and he may be charged also with the expense of an education as necessaries.  A feme covert, in the absence of her husband, may not only bind him for such things as are absolutely necessary for the support of life, but for articles of comfort and convenience.  We are satisfied that a legal and practical construction of the statute will exempt the time piece from the levy of an execution.

Judgment of county court affirmed.

*Kellogg,* for plaintiff.