## Case No. 8,599.

### In re LUDLOW.

[1 N. Y. Leg. Obs. 322.]

District Court, S. D. New York. 1843.

BANKRUPTCY—ALLOWANCE TO BANKRUPT— NECESSARIES—WEARING APPAREL—GIVEN TO WIFE —PERSONAL ORNAMENTS.

1. A fowling-piece, pistol. fishing tackle. paintings, &c. are not necessaries within the purview of the act. and cannot be set apart as such, nor can a watch and breast pin of the bankrupt. be considered wearing apparel or necessaries.

2. The assignee cannot claim articles of jewelry of the bankrupt's wife, which were given to her prior to marriage, and which have continued in her use ever since, nor can he claim such gifts by the husband to his wife of personal ornaments or attire. as were compatible in value and character with his circumstances at the time they were made.

This case came before the court for decision on the report of Commissioner Campbell. The assignee had set apart to the use of the bankrupt [Edward H. Ludlow] various articles as necessaries, and also articles of jewelry belonging to the wife of the bankrupt, and some as part of his wearing apparel. Exceptions were taken to the allowance, and the decision of the assignee, with the exceptions, were referred to the commissioner for proof and a report thereon. Various articles were excluded by the commissioner from the list of necessaries, and it was submitted as a question for the court to dispose of whether the discretion of the court might not extend to reserving for a bankrupt articles valuable chiefly causa affectionis as heirlooms, family pictures, donations as tokens or memorials, &c., &c., although not coming within any fair interpretation of the term necessaries.

Peter Clark, for bankrupt.

W. C. H. Waddell, official assignee in person.

BETTS, District Judge. I affirm the decision of the commissioner that the fowling-piece, pistol, fishing tackle, and paintings, are not necessaries within the purview of the act, and cannot be set apart as such, and I also decide that the watch and breast pin of the bankrupt are not wearing apparel or necessaries which can be exempt from the operation of the statute [of 1867 (14 Stat. 517)]. Does the exception in the act admit of a construction leaving a discretion with an assignee to surrender to a bankrupt things which can be classed neither under wearing apparel, household furniture, or necessaries? The proviso is that there shall be excepted from the operations. of the provisions of this section the necessary household and kitchen furniture, and such other articles and necessaries of such bankrupt as the said assignee shall designate and set apart, having reference in the amount to the family, condition and circumstances of the bankrupt, but altogether not to exceed in value in any case, the sum of $300, and also the wearing apparel, &c., &c., &c. The body of the section having transferred to the assignee all property and rights of property of a bankrupt of every name and description, it is supposed that the power to except is as broad as the vesting one, and that accordingly the assignee exercises in this respect an absolute discretion within the limits of $300, and subject.

only to appeal to the court. This appeal, if that construction of the act is correct, would effect only the amount and not the particular reserved. A decision of Judge Story, in the First circuit, upon this clause, strongly favors the claim that the assignee may assign ad libitum from the effects of the bankrupt within the limitation of $300. He says it is competent for the assignee under the proviso to allow $126 cash expended by the bankrupt for the board of his family (In re Grant [Case No. 5,693]), and clearly if money might be appropriated as falling within the description of other articles and necessaries, it must follow that congress have only intended by the proviso to deny the bankrupt a reservation exceeding $300, but have not restricted the denomination of property that he may enjoy within that value. It is not intended to trench upon the decision in the First circuit in respect to the power of the assignee to admit cash as within the articles and necessaries referred to by the act, that question not being now raised for decision; it only becomes important to determine whether articles of mere fancy or taste, or convenience may be excepted from transfer to creditors. It seems to me that the statute contemplates in this privilege only that description of property which is palpably of immediate necessity to the bankrupt or his family. Those things named are emphatically of that character, and it would not comport with the cautious designation of furniture and wearing apparel as particulars to be reserved, to employ terms in connection with these which would embrace the same things and an unlimited range beyond them. The "other articles and necessaries" ought accordingly to be understood as having relation to things, not precisely furniture or wearing apparel, but manifestly useful to the individual or his family in a like sense. Provisions in the house, the common implements or tools of trade, by which a daily support is gained, may justly be ranked in that class; and I am inclined to hold that in this case the auction stand and flags, as things in daily use and necessary to the business of the bankrupt, fairly fall within the catalogue of articles that may be exempted. This, however, cannot with like justice be said of the clock, desks, &c., for they are in no way peculiar to this employment and at most can be claimed as mere conveniences.

I adhere to the opinion pronounced in Kasson's Case [Case No. 7,616], and founded upon our own laws and the bankrupt act, that the assignee cannot claim articles of jewelry given the wife previous to marriage and continuing in her use since. It is unnecessary to repeat here the reasons and authorities upon which that decision was based. So also I still maintain that gifts from the husband to the wife of personal ornaments or attire, compatible in value and character with his circumstances at the time, are the sole property of the wife, her paraphernalia under one law, which his creditors cannot dispossess her of, nor do they pass on his bankruptcy to his assignee. I am aware Judge Story questions this doctrine (Grant's Case [supra]), and it in no way devolves upon me to controvert the positions or conclusions he deduces from the general or local law upon the subject, for I am persuaded the decision of this court may be sustained without any conflict with the principles enforced by that surpassingly sagacious and learned judge. In the case referred to, it is said by the court with a just and impressive sensibility, that in regard to mourning rings given by third persons to the wife since her marriage, "they are, from their very nature and character, purely personal as for her sole and separate use as memorials of the dead, and also of the affection of the living. They are sacred and cannot be touched by the husband or his creditors." But the inquiry must spring out of that proposition with striking pertinency and significancy: upon what doctrine of the law a respect and sympathy for one species of token or relic may be exercised that does not equally authorize it with any other? Why is not a marriage ring, or birthday gift, also an object of affection, and a tender memorial between the living or toward the dead? And if the connection of the subject with sentiments of an elevated or touching character may secure such donations, a dedication discharged of the claims of a husband's creditors, what principle of the law regulates that exemption by considerations of value? And why will not the wife endowed by a loved parent or relative with jewelry or plate, or furniture or equipage be equally entitled to maintain a special and sole property in those memorials of affection? And if the generality of the doctrine is to be restricted to particulars of personal ornaments or attire, what consideration referred to can sanction the privilege as to one article, that does not also exempt the others? The doctrine of the common law would be unqualified that all the wife's personal property and effects in possession, vest absolutely in the husband (2 Kent, Comm. 143), and of course pass under an assignment in bankruptcy.

It is only under the administration of the common law rules, as modified and humanized by courts proceeding according to the course of the civil law, that the distinct interest of the wife becomes recognized and protected, aided in some instances by a more tolerant and heedful regard to her interests in acts of legislation. The commissioner reports that the jewelry of the wife, valued by the assignee at $136.74, consists of antenuptial gifts to her, and that a diamond ring and chain valued by the assignee at

$21, were presented by her husband since their marriage, and when his circumstances would warrant it. These two last articles I think she is also entitled to retain. The first fall within the principle before adjudicated and settled in this court. It has been supposed the qualification expressed in Kasson's Case [supra], that the presents should be suitable to the condition of the bankrupt at the time, and reasonable and appropriate in their character, was introducing a new distinction into the law of property, and affecting to give a consideration to one condition of life that would not be yielded to every other, and thus according privileges to individuals, because of former affluence which are not shared by others, when both are reduced to a common level of poverty. I do not assume the assertion of any novelty in this respect, or apply the discrimination upon any supposed inherent distinctions between one class and another in society in relation to rights or privileges; but I follow submissively, though cautiously, the direction of the act of congress, in this behalf, and the plain rule prescribed by our state legislation in kindred cases. The reservation in every respect is to be determined in the language of the act "having reference, in the amount, to the family, condition, and circumstances of the bankrupt" [5 Stat. 443]; "condition" being manifestly used in relation to his position, personal or relative, and "circumstances" necessarily expresses something antecedent, because the operative clause of this very section had taken every vestige of property from him, leaving him as destitute in existing circumstances as if he had never been other than one of the most impoverished of the human family.

The court, accordingly, in determining what may be reserved for, or delivered back to the bankrupt, is compelled to consider in what condition of life, and under what circumstances of estate. he had enjoyed that of which he is now deprived, and a portion of which he is permitted to receive back through the officers of the law. So the state statute declares where a man dies leaving a family and a widow, "the clothes of the widow and her ornaments, proper for her station," shall not be considered assets (2 Rev. St. p. 83, § 9), and cannot accordingly be appropriated to the payment of her husband's debts, whatever may be the condition of his estate as to solvency. These solemn acts of legislation denote that courts in awarding the reservation of ornaments to a wife or widow, even when the rights of creditors come in competition, must be governed by a regard to the condition. circumstances, and station in life of the husband at the time the reserved property was enjoyed. In this case the decision of the assignee and report of the commissioner are affirmed with the exception of the articles before pointed out.