## Case No. 13,882.

In re THIELL.

[4 Biss. 241.][1]

District Court, D. Indiana.   July, 1868.

BANKRUPTCY—EXEMPTIONS—DISCRETIONARY POWER—EXCEPTIONS.

1. When a bankrupt applies to his assignee for the exemption of property under the fourteenth section of the act [of 1867 (14 Stat. 522)] and the application is refused, the proper way of bringing the matter before the district judge for his decision, is to except to the decision of the assignee.

2. The exemption clause in the fourteenth section of the act, authorizing the assignee to set apart "other articles and necessaries," vests a discretionary power in the assignee, and his action thereon ought not to be reversed unless it plainly appears that he has abused his authority.

[Cited in Re Steele, Case No. 13,346.]

[Cited in McClung v. Stewart, 12 Or. 431, 8 Pac 448]

3. Such exemptions, however, cannot include manufactured articles kept for sale.

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

[In the matter of W. H. Thiell, a bankrupt.]

McDONALD, District Judge. This matter comes before me on a certificate of a register in bankruptcy under the sixth section of the bankrupt law. The certificate states that "the assignee, Samuel C. Davis, having, under the five-hundred-dollar exemption clause, set off to the bankrupt the sum of three hundred and sixty-three dollars and fifty-three cents, which includes household and kitchen furniture, and tools of trade, with some other items, the counsel for the petitioner claims that the assignee should make up the sum of five hundred dollars out of the stock on hand of the petitioner, he being a tinner, and having been engaged in the tin and stove business, and the stock consisting of such articles as are used and sold in that business. This the assignee would be willing to do, but that he conceives the language of section fourteen leaves him no discretion. The words, 'other articles and necessaries,' he holds cannot extend to articles held on sale. To this action of the assignee counsel for the petitioner objects." It is presumed that by the term "petitioner," in this certificate, the register means the bankrupt, though, so far as concerns the papers before me, no petition appears to have been filed.

In cases like the present the fourteenth section of the bankrupt act provides, that "the determination of the assignee in the matter shall, on exception taken, be subject to the final decision of the court." There is here no formal exception taken to the ruling of the assignee; and the case can hardly be said to be regularly before me. Nevertheless, it may be as well perhaps that I should express an opinion on the disputed point in the form in which it is presented.

So far as the question presented is concerned, the fourteenth section of the act provides that "there shall be excepted from the operation of this section the necessary household and kitchen furniture, and such other articles and necessaries of such bankrupt as the assignee shall designate and set apart, having reference, in the amount, to the family, condition, and circumstances of the bankrupt, but altogether not to exceed in value, in any case, the sum of five hundred dollars."

I construe this provision of the act, so far as it relates to "necessary household and kitchen furniture," as being imperative on the assignee, though he must judge and determine what furniture of the kind described is, under the circumstances, necessary.

So far as concerns the phrase "other articles and necessaries," in the act, I think that congress meant to leave it to the sound discretion of every assignee in bankruptcy to determine what and how much property of this kind, over and above necessary household and kitchen furniture, and not to exceed in all five hundred dollars, ought, under the circumstances of each particular case, to be exempted from the operation of the bankrupt law. The term "necessaries" used in the phrase last cited, may include things other than household and kitchen furniture. It may, for example, include provisions for a family, and the tools of a tradesman, and the books of a professional man.

The phrase "other articles" occurring in the fourteenth section of the act is a very indefinite expression. It might include family pictures, "keep-sakes," a cheap watch or clock, and many other things of small value; but it certainly should not be construed as including things of considerable value, used only as things of ornament or pleasure, as gold watches, pianos, and the like. Whether it may fairly be construed as including material for carrying on a trade, may be doubtful; though I think cases might exist in which a moderate quantity of such material would be fairly comprehended under the term "other articles." I am of opinion that it would not include manufactured articles kept for sale. I think, therefore, that in this case, the assignee acted properly in refusing to set off to the bankrupt the tin ware which he had on hand for sale. Whether, in refusing to allow him to retain any of the material out of which he manufactured tin ware for sale, the assignee acted with sound discretion, is not quite so clear. But he had a better opportunity, from a reference "to the family, condition, and circumstances of the bankrupt," to judge what was proper in the case, than I, who am altogether uninformed touching these matters, could have. Therefore, I cannot undertake to say that he did not exercise a sound discretion in refusing to allow the exemption prayed by the bankrupt.

According to what has been said, this authority on the part of the assignee in bankruptcy to exempt in favor of a bankrupt "other articles and necessaries," is a discretionary power. Now, it is a rule that when a discretionary power is confided to an inferior officer or court, the action on such a power will not be reversed, unless it plainly appear that the discretionary power has been abused. Gordon v. Spencer, 2 Blackf. 286; Heberd v. Myers, 5 Blackf. 94; Tinkler v. Palin, 19 Blackf. 240; Hunter v. Elliott, 27 Blackf. 93. Indeed, the supreme court of the United States has gone further and held that the execution of a discretionary power cannot be reviewed in a court of errors. Philadelphia & T. R. Co. v. Stimpson, 14 Pet. [39 U. S.] 448. The bankrupt act does, however, authorize this court to review, and, in proper cases, to revise, the action of an assignee in the exercise of the discretionary power under consideration. But in determining what this court shall do in such a case, I think the question should always be, has the assignee plainly abused the discretionary power confided to him?

And if it does not appear that he has, his action should be affirmed.

In this view of the matter, I sustain the action of the assignee.

NOTE. Where the assignee wrongfully exempts in his list, household furniture, necessary articles, etc., exceptions must be taken to his report. In re Gainey [Case No. 5,181].

But in cases of exempting real estate unlawfully, no exceptions need be taken to the assignee's report, as no title passes thereby, but the creditors may except to the assignee's account, and hold him responsible for the value of the exempted property. Id.; In re Farish [Case No. 4,647]; and In re Jackson [Id. 7,127].