Rothschild et al. v. Boelter.

The defendant, therefore, was entitled to a finding in his favor.

The order denying a new trial is affirmed.

---

## SIGISMUND ROTHSCHILD, *et. al.*

### *vs.*

## AUGUST BOELTER.

A silver watch and chain worn by the debtor, is not exempt under Gen. St. ch. 66. sec. 279, as "wearing apparel of the debtor and his family," nor as "household furniture," though the debtor be a householder with a family, and has no clock or other watch or timekeeper, and used said watch to keep the time at his house.

Defendant was a cigar maker by trade, and also used said watch to keep the time of workmen employed by him in the business of making cigars. *Held*, that said watch was not exempt as "an instrument used and kept by the debtor for the purpose of carrying on" said trade within said statute.

In "proceedings supplementary to the execution," upon the examination of the defendant, an order was made requiring him to turn over to a receiver a certain silver watch and chain, his property, and in his possession, and all other property not exempt, the proceeds to be applied in payment of the judgment. Defendant moved in the district court for Olmsted county, for an order vacating so much of said order as required him to turn over said watch and chain. The motion

was denied, and defendant appeals to this court from the order denying the same.

CHARLES C. WILLSON, for Appellant.

McMAHON & CLOUGH, for Respondents.

*By the Court.*—RIPLEY, CH. J.—The defendant upon supplementary proceedings was required to turn over to a receiver a certain silver watch and chain, his property and in his possession. He claims that it was exempt from execution under Gen. Stat. ch. 66, sec. 279.

We do not think that this is so.

Giving him the benefit of the statement in his brief as to what appeared upon his examination, (although it is not before us on this appeal) it is "that defendant had a silver watch worth $40 or $50, which he wore as part of his apparel, and used to keep the time at his house and of the workmen whom he employed in his business of making cigars." This last statement, however, must be taken in connection with the statement in his affidavit, (which *is* before us,) on the motion in the court below to vacate said order; "that he is a cigar maker by trade, and has been accustomed to employ workmen, and expects to do so again, and that said watch is necessary to keep time of his workmen and regulate his duties." It is further stated that he is a householder and has a family dependent on him for support, and has no clock or other watch or timekeeper.

The statute in question exempts (sub. 5.) "all wearing apparel of the debtor and his family." It is contended that a watch worn by a debtor is wearing apparel. It would not be urged, however, that a watch which a debtor had never worn, but which, for instance, as in one of the New York cases cited

Rothschild et al. v. Boelter.

by defendant, had always been hung up in the house, was his wearing apparel. If, then, *this* watch be wearing apparel, it must be the circumstance that the debtor wears it, that makes it so. In a certain sense, indeed he may be said to " apparel himself " in it, as he might be said to do, with respect to any other wearable article of use or ornament, e. g., a diamond ring. But, if this makes it wearing apparel, a debtor might, as suggested by the respondent, keep any number of such articles, whatever their value, from his creditors; for the quantity of wearing apparel exempted is without limit. But that an article *may be* worn does not make it wearing apparel within this statute. The words are to be construed, in this case, according to the common and approved usage of the language, (Gen. St. ch. 4, sec. 1,) namely, as referring to garments or clothing generally designed for wear of the debtor and his family.

The statute also exempts, in addition to certain specified articles, " all other household furniture not herein enumerated, not exceeding five hundred dollars in value." It is contended that as the defendant has no other timepiece, this may be considered as household furniture. A watch, worn by the debtor upon his person, can, however, be no more said to be household furniture, than one which is hung up in the house, for use therein, can be said to be a part of his wearing apparel.

The statute also exempts the tools or instruments of any mechanic, or other person, used and kept for the purpose of carrying on his trade. It is said that this watch and chain are instruments of the debtor for carrying on his trade. He is a cigar maker, a trade which necessarily involves the employment of no one besides himself, and the case discloses nothing, and we know of nothing connected with the successful making of cigars, which any more requires the use of a watch than in any other of the ordinary trades, e. g., making shoes. But if

a cigar maker may claim a watch and chain as an instrument of his trade, why may not a journeyman shoemaker? And, for aught that appears, this defendant, as he is not now employing workmen in the business of making cigars, may not be making them on his own account. He may be working as a journeyman in the business, in which case the absurdity of the claim to hold the articles as exempt, would be manifest, in view of the only use for which it is said in his brief that he used it, viz., to keep time of the workmen employed by him. His affidavit states, however, that he expects to employ workmen again, and that it is necessary to keep their time and regulate his duties. Surely this statement is entirely conclusive against his claim. It is not kept or used for the purpose of carrying on his trade, i. e., to make cigars with, but for his own convenience in keeping the account between himself and those by whom he makes cigars. His workmen could make as many, and as good cigars, if he were to keep their time and "regulate his duties," whatever that may mean, by the sun.

It is said that exemption laws are to be liberally construed, as just and humane provisions against rapacity and cruel exactions of creditors.

Courts are not, however, in any case, for whatever object, to strain the law beyond its fair and just meaning; still less (as defendant intimates has been done in other states) refuse, under whatever pretext, to lend their aid to a demand which the law justifies the creditor in making. This would be especially inexcusable in this state, in which the law, upon any fair construction, places debtors beyond the reach of the rapacity or cruelty of judgment creditors, not only with regard to the necessaries, but the reasonable comforts and many of the conveniences of life; and no good reason can be given, why such conveniences or luxuries (whether such a watch and

Rothschild et al. v. Boelter.

chain as this be a convenience or a luxury) as the law. has not seen fit to exempt, should not be applicable in payment of debts.

We do not see how (as is suggested by the appellant) there should be a sense of personal degradation and shame imposed upon the debtor by such an order as this, that most creditors would shrink from inflicting ; though a debtor who is provided with what *is* exempt by law, might well feel a sense of shame that his unwillingness to apply such exceptional articles of property as these in payment of his debts, should have rendered such an order necessary.

The present defendant, for aught that appears, may have all that the law allows, except a clock. Considering the trifling cost of one which would answer every purpose for which he now uses this watch, it would seem that an honest man would rather prefer, under such circumstances, that this watch and chain should go in payment of a just debt.

The order appealed from is affirmed.