RIVAS v. NOBLE.

In re RIVAS' ESTATE.

(Circuit Court of Appeals, Fifth Circuit. April 24, 1917.)

No. 3036.

Bankruptcy ⟨⟩396(4)—Exemptions—Jewelry.

A diamond finger ring, worn by the bankrupt and worth $650, was not exempt in bankruptcy, in the absence of any statute or authoritative ruling of the state court supporting the claim of exemption.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 659.]

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

In the matter of Henry Rivas, bankrupt. On petition by the bankrupt to revise an order affirming an order of the referee requiring the delivery of property to Fred B. Noble, trustee. Petition denied.

Geo. C. Bedell, of Jacksonville, Fla. (D. H. Doig, of Jacksonville, Fla., on the brief), for petitioner.

D. G. Haley, F. J. Heintz, and Fred B. Noble, all of Jacksonville, Fla., for respondent.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

WALKER, Circuit Judge. Complaint is made of an order of the District Court, which affirmed an order made by the referee requiring the bankrupt to deliver to his trustee a diamond finger ring, worth $650, which the bankrupt owned and wore. It is not contended that there is any statute of Florida, the state of the residence of the bankrupt, which sustains the claim that the ring is exempt from the payment of its owner's debts. We have not been referred to and have not found any authoritative ruling of a Florida court indicating the recognition of the existence in that state of a common or customary law which would enable the bankrupt to sustain a claim that the ring is exempt. We are aware of no authentic statement of the common law as it existed before the matter of exemptions was dealt with by statutes, which would support a decision that a debtor is entitled, as against his creditors, to retain as exempt an article of luxury or personal adornment of such kind and value as the ring in question. In short, we are aware of no law which requires a conclusion different from that reached by the District Court.

The petition to superintend and revise is denied.