[Civ. No. 2647. Third Appellate District.—August 22, 1923.]

In the Matter of the Estate of CORNELIA C. MILLINGTON, Deceased. SETH MILLINGTON, Sr., Respondent; FRANCES DOOLING, HERBERT et al., etc., Appellants.

[1] ESTATES OF DECEASED PERSONS—PROPERTY EXEMPT FROM EXECUTION—SETTING APART TO SURVIVING HUSBAND OR WIFE—PROVISIONS OF SECTION 1465, CODE OF CIVIL PROCEDURE, MANDATORY.—The provisions of section 1465 of the Code of Civil Procedure, which provides that "the court may on petition therefor, set apart for the use of the surviving husband or wife . . . all the property exempt from execution," are mandatory.

[2] EXECUTION — EXEMPTION — PUBLIC POLICY.—Statutes exempting property from execution are enacted on the ground of public policy for the benevolent purpose of saving debtors and their families from want by reason of misfortune or improvidence.

[3] STATUTORY CONSTRUCTION — GRAMMATICAL FORM — INTENTION OF LEGISLATURE.—In the construction of statutes, mere grammatical form must yield to the evident intention of the legislature.

[4] EXECUTION — EXEMPTION — WEARING APPAREL LIMITED TO THAT WHICH IS NECESSARY — MEANING OF NECESSARY WEARING APPAREL.—Wearing apparel which is exempt from execution or attachment by subdivision 2 of section 690 of the Code of Civil Procedure is limited to that which is necessary; and the word

"necessary," which modifies the term "wearing apparel," as both appear in said subdivision, does not limit wearing apparel to that which is indispensable, but it is sufficiently flexible to include things which are usual and appropriate for the reasonable comfort and convenience of a debtor, although they may not be absolutely necessary for mere subsistence.

[5] ID.—PROPERTY EXEMPT FROM EXECUTION—SETTING APART TO SURVIVING SPOUSE—TEST OF EXEMPTION.—In determining whether a surviving spouse is entitled to certain articles left by the deceased spouse under section 1465 of the Code of Civil Procedure, which provides that "the court may on petition therefor, set apart for the use of the surviving husband or wife . . . all the property exempt from execution," the question to be determined is whether such property would be exempt in the hands of an insolvent debtor.

[6] ID.—WATCHES INCLUDED WITHIN NECESSARY WEARING APPAREL—ORNAMENTS AND DIAMONDS—STATUS OF.—Watches are so generally worn and considered necessities by persons of every financial condition that, under a liberal construction of section 690 of the Code of Civil Procedure, exempting certain articles from execution or attachment, it is reasonable to presume that the legislature intended to include them as necessary wearing apparel. The same may be said as to ornaments of a character and value generally worn by persons of small income or little property; but it is not to be presumed that the legislature intended to exempt expensive diamonds worn as mere ornaments.

APPEAL from an order of the Superior Court of Colusa County setting apart certain articles as property of estate exempt from execution. H. C. Bell, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Alva A. King, Ford & Johnson and M. M. Bourquin, for Appellants.

Thomas A. Rutledge for Respondent.

FINCH, P. J.—The trial court made an order setting apart to the surviving husband of decedent certain articles as property of the estate exempt from execution. From this order the other beneficiaries under the will have appealed. Appellants contend that the court was without authority so to set apart the following: Two diamond rings of the

value of $250; one set of diamond earrings, $200; and one gold watch and chain, $5. The estate of decedent was appraised at $25,513. She left no surviving children. By her will she gave her husband $5,000 and appellants, who are a niece and the latter's son, all the remainder of the estate.

Section 1465 of the Code of Civil Procedure provides that "the court may on petition therefor, set apart for the use of the surviving husband or wife . . . all the property exempt from execution." [1] The provisions of this section have always been held to be mandatory. Subdivision 2 of section 690 exempts from execution or attachment "necessary household, table, and kitchen furniture belonging to the judgment debtor, including one sewing-machine, stove, stovepipes and furniture, wearing-apparel, beds, bedding and bedsteads, hanging pictures, oil-paintings and drawings drawn or painted by any member of the family, and family portraits and their necessary frames, provisions and fuel actually provided for individual or family use, sufficient for three months, and three cows and their suckling calves, four hogs and their suckling pigs, and food for such cows and hogs for one month; also one piano, one shotgun and one rifle." Respondent contends that the property in dispute is embraced within the term "wearing apparel." It is further argued that the word "necessary" does not limit any part of the articles enumerated in subdivision 2 except "household, table and kitchen furniture," and that since the legislature has not limited the wearing apparel which may be claimed as exempt, either in quantity or value, the courts cannot do so. Appellants contend that the term "wearing apparel" is limited to clothing and cannot be extended to include ornaments of any kind which are not a constituent part of such clothing. In the latter view a wife's cheap wedding ring or a soldier's medal would not be exempt. In the former, jewelry worth a fortune, acquired by one in good faith, while in affluent circumstances, who subsequently suffered financial reverses, if a part of his wearing apparel, would be exempt from execution on a judgment for a family grocery bill. Both of these extremes should be avoided if reasonably possible. While exemption laws are to be liberally construed, the manifest purpose of their enactment must be kept in mind. [2] "Statutes

exempting property from execution are enacted on the ground of public policy for the benevolent purpose of saving debtors and their families from want by reason of misfortune or improvidence." (*Holmes* v. *Marshall*, 145 Cal. 777, 778 [104 Am. St. Rep. 86, 2 Ann. Cas. 88, 69 L. R. A. 67, 79 Pac. 534, 535].)

The first statute on the subject enacted in this state exempted from execution "necessary household, table, and kitchen furniture, belonging to the judgment debtor, including stove, stove pipe, and stove furniture, wearing apparel, beds, bedding and bedsteads, and provisions actually provided for individual or family use sufficient for one month." (Stats. 1851, p. 85.) This language has been carried down, without substantial change, to the present time. The sentence has been extended to include other articles, but not in such manner as to change the relation of the word "necessary" to the term "wearing apparel." The words "including stove, stove pipe, and stove furniture" are clearly parenthetical. [3] In the construction of statutes, mere grammatical form must yield to the evident intention of the legislature. [4] Treating the words under consideration as parenthetical, the word "necessary" clearly was intended to modify the term "wearing apparel." This conclusion is fortified by the other provisions of section 690. There appears therein a general purpose to limit the various articles exempted, either by number or value or by the word "necessary" or other equivalent expression. Of course, the word "necessary" does not limit wearing apparel to that which is indispensable, but it is sufficiently flexible to include things which are usual and appropriate for the reasonable comfort and convenience of a debtor, although they may not be absolutely necessary for mere subsistence. (Freeman on Executions, 3d ed., sec. 232; *Leavitt* v. *Metcalf*, 2 Vt. 342 [19 Am. Dec. 718]; *Sellers* v. *Bell*, 94 Fed. 801 [36 C. C. A. 502].)

The question is not whether the property in dispute would be embraced within the terms of a statute providing for the setting apart of necessary wearing apparel for the use of a surviving spouse. In such case the term would include all articles of wearing apparel "which are reasonable and proper for use in the home and in social intercourse, in view of the condition and value of the estate and

the station and surroundings of the family." (*In re Lux*, 100 Cal. 593, 605 [35 Pac. 341, 344].) [5] The question here is whether such property would be exempt in the hands of an insolvent debtor. The statute expressly makes distinctions in the exemption of property from execution, based upon the occupation or calling of the debtor, but, beyond such express provisions, there can be no distinction, based upon the previous financial or social position of the insolvent debtor; otherwise the statute would operate unequally between the rich and the poor. In determining whether any article of apparel claimed as exempt by a debtor is necessary for his use, it would seem logical to inquire whether it is "reasonable and proper for use in the home and in social intercourse," in view of the debtor's insolvency. The previous financial condition and social station of the debtor may properly be considered in determining whether the article sought to be exempted was acquired in good faith, for the purpose for which exemption is claimed, or for the purpose of defrauding creditors in contemplation of insolvency, but beyond this it is not perceived that they are material factors.

The decisions are conflicting as to whether watches and jewelry are embraced within the term "wearing apparel." The fourteenth section of the National Bankruptcy Act of 1867 (14 Stat. 522) provided for the exemption of "the necessary household and kitchen furniture, and such other articles and necessaries of the bankrupt as the assignee shall designate and set apart, having reference in the amount to the family, condition, and circumstances of the bankrupt, but altogether not to exceed in value, in any case, the sum of five hundred dollars; also the wearing apparel of the bankrupt, and that of his wife and children." In the case of *In re Thiell*, 23 Fed. Cas. 917, the court said: "The phrase 'other articles' occurring in the fourteenth section of the act is a very indefinite expression. It might include family pictures, 'keepsakes,' a cheap watch or clock and many other things of small value; but it certainly should not be construed as including things of considerable value, used only as things of ornament or pleasure, as gold watches, pianos, and the like." In the case of *In re Steele*, 22 Fed. Cas. 1202, in construing the phrase "other articles"

and necessaries," it is said: "The assignee is to determine the question, not by mere arbitrary choice on his part, but by the exercise of a sound legal discretion." It was held that a gold watch worth $25 "certainly may be allowed as 'other necessaries' under certain circumstances." The bankrupt did not claim any other property as exempt. In the course of the opinion the court said, although the decision was not based on this ground: "It would not be doing any great violence to the meaning of the term 'wearing apparel' as used in the bankrupt act, to include in it a gold watch of moderate value." This *dictum* and the decision, as well as the Thiell case, have been frequently cited as authority in the construction of statutes essentially different from that under consideration in those cases. It would unduly lengthen this opinion to analyze the conflicting decisions of other jurisdictions. Some of them are based on statutory provisions unlike those of section 690. Generally, the statutes construed provided for the exemption of "wearing apparel" or "necessary wearing apparel." The cases examined and the conclusions therein reached are as follows: *Gooch* v. *Gooch,* 33 Me. 535 (watch not exempt); *Towns* v. *Pratt,* 33 N. H. 345 [66 Am. Dec. 726] (breastpin not exempt); *Sawyer* v. *Sawyer,* 28 Vt. 249 (watch and ring not exempt); *Frazier* v. *Barnum,* 19 N. J. Eq. 316 [97 Am. Dec. 666] (rings and jewelry worth $300 not exempt); *Rothschild* v. *Boelter,* 18 Minn. 361 (watch worth $40 to $50 not exempt); *Stewart* v. *McClung,* 12 Or. 431 [53 Am. Rep. 374, 8 Pac. 447] (watch worth $50 to $70 exempt); *Brown* v. *Edmonds,* 8 S. D. 271 [59 Am. St. Rep. 762, 66 N. W. 310] (gold watch and chain exempt); *Phillips* v. *Phillips,* 151 Ala. 527 [125 Am. St. Rep. 40, 15 Ann. Cas. 157, 44 South. 391] (watch worth $35 and ring worth $20 exempt); *Chamboredon* v. *Fayet,* 176 Ala. 211 [57 South. 845] (watch and chain exempt); *In re Holden,* 109 Misc. Rep. 207 [178 N. Y. Supp. 548] (bequest of "wearing apparel" includes watch but not jewelry); *Beckett* v. *Wishon,* 5 Ohio N. P. 155 (watch and chain exempt); *Coffinberry* v. *Madden,* 30 Ind. App. 360 [96 Am. St. Rep. 349, 66 N. E. 64] (watch, diamond shirt-stud, and rings of decedent not "wearing apparel"); *First Nat. Bank* v. *Robinson* (Tex. Civ. App.), 124 S. W. 177 (diamond ring

exempt); *In re Caswell,* 6 Am. Bankr. Rep. 718 (watch and chain worth $15 exempt); *In re Kasson,* 14 Fed. Cas. 138 (jewelry not exempt); *In re Ludlow,* 15 Fed. Cas. 1097 (watch and breastpin not exempt); *Sellers* v. *Bell,* 94 Fed. 801 [36 C. C. A. 502] (gold watch exempt); *In re Smith,* 96 Fed. 832 (diamond shirt-stud worth $250 used to fasten shirt exempt); *In re Jones,* 97 Fed. 773 (gold watch and chain exempt); *In re Turnbull,* 106 Fed. 667 (watch not exempt); *In re Everleth,* 129 Fed. 620 (watch and chain not exempt); *In re Gemmell,* 155 Fed. 551 (diamond ring worth $400 to $1,000 not exempt); *In re H. L. Evans & Co.,* 158 Fed. 153 (watch, rings, and other jewelry worth $444.50 exempt); *In re Leech,* 171 Fed. 622 [96 C. C. A. 424] (two rings worth $450 exempt); *Langever* v. *Stitt,* 237 Fed. 83 [150 C. C. A. 285] (diamond ring worth $150 not exempt); *Rivas* v. *Noble,* 241 Fed. 673 [154 C. C. A. 431] (diamond ring worth $650 not exempt).

While no general rule can be drawn from the foregoing conflicting decisions, it may be said that they generally recognize that wearing apparel may include something more than mere clothing. In many of them the value of the article claimed has been given weight, and logically so; because it is neither usual nor appropriate for one who is unable to pay his debts to wear expensive ornaments, and such ornaments, therefore, are not considered "necessaries" in the sense in which the word is used in exemption statutes. [6] Watches are so generally worn and considered necessities by persons of every financial condition that, under a liberal construction of section 690, it is reasonable to presume that the legislature intended to include them as necessary wearing apparel. The same may be said as to ornaments of a character and value generally worn by persons of small income or little property. It is not to be presumed, however, that the legislature intended to exempt expensive diamonds worn as mere ornaments. The purpose of exemption laws is to save debtors and their families from want, not to enable them to wear luxurious ornaments at the expense of their creditors. In this case the rights of creditors are not involved, but that fact is immaterial, because the court's authority to set the property apart for the use of the surviving husband is dependent upon whether the same would have been exempt in the hands of a debtor.

The order is modified by striking therefrom the words "two diamond rings, one set of diamond earrings," and as so modified the order is affirmed.

Hart, J., and Jones, J., *pro tem.*, concurred.