Appellate Department, Superior Court, Los Angeles

[Civ. A. No. 7871. Apr. 22, 1952.]

LOS ANGELES FINANCE COMPANY, Respondent, v. DOMINGO M. FLORES, Appellant.

Ellery Cuff, Public Defender, for Appellant.

A. Joseph Shapiro and A. Arthur Fineshriber for Respondent.

STEPHENS, J.— Plaintiff's assignor sold to defendant's wife, for presentation to defendant as a birthday gift, a gold wrist watch for the price of $73.77. The sale was on

credit, and plaintiff has brought action to collect the amount due and has caused an attachment to be levied upon certain moneys due the defendant and which represent the earnings of defendant for his personal services during the preceding 30 days. Defendant filed a claim of exemption under Code of Civil Procedure, section 690.11, for the entire amount attached, together with appropriate affidavits, as provided in said section, to sustain his contention that the whole amount is required for the support of his family. The trial court allowed the claim of exemption for one-half only of the amount held, and from this order defendant appeals. It was stipulated by counsel "that if the claim (of plaintiff) was determined to be not for one of the common necessaries of life, that the exemption would lie and be granted in full." To fully understand the circumstances, the following additional facts appear from defendant's affidavit and are undisputed: that defendant resides in this state with his wife and two minor children who are dependent upon him for support; that at the time the money involved herein was earned defendant's average take-home earnings were approximately $228 per month, and that his necessary family expenses were in excess of that amount; that defendant had never owned a watch other than this one nor had any necessity for one; that he had no need for a watch in his work and had never worn this one at his place of employment except upon one occasion, and at that time accidentally broke the face thereof and had never had it repaired; and he concluded that it was not practical to wear a wrist watch in his particular work. The question presented herein is, should the order of the trial court, holding in effect that the claim of plaintiff was for a debt incurred by defendant or his wife for the common necessaries of life, be sustained? We have concluded that it should not.

The section of the statute which we are called upon to construe is as follows (following Code Civ. Proc., § 690, stating that the property mentioned in § 690.1 to 690.25 is exempt from execution or attachment, etc.): (Code Civ. Proc., § 690.11) "One-half of the earnings of the defendant or judgment debtor received for his personal services rendered at any time within 30 days next preceding the levy of attachment or execution where such one-half is necessary for the use of the debtor, or his family supported in whole or in part by such debtor.

"All of such earnings, if necessary for the use of the

debtor's family, residing in this State, and supported in whole or in part by such debtor unless the debts are: (a) Incurred by such debtor, his wife or family, for the common necessaries of life; or, (b) incurred for personal services rendered by any employee, or former employee, of such debtor.''

"In construing statutory language, it is fundamental, if possible, to give effect to each sentence, phrase and word thereof.'' (*Whitley* v. *Superior Court* (1941), 18 Cal.2d 75, 78 [113 P.2d 449]; *Janise* v. *Bryan* (1948), 89 Cal.App.2d Supp. 933, 936 [201 P.2d 466], and cases cited under [1]; see Code Civ. Proc., § 1858.) It is to be noted that only in the second paragraph of the section quoted (the portion limiting the type of debt for which a part of the debtor's earnings of the previous 30 days may be taken) does the word "common'' appear in connection with and immediately preceding the word "necessaries''; nor do the words "of life'' following that word appear elsewhere in any of the sections referred to except where there is a similar limitation upon an exemption. (See §§ 690.10 and 690.20.) It should also be noted that although the word "necessary'' is used many times in the exemption sections (690 to 690.25 inclusive), the exact phrase "common necessaries of life'' is used only three times and only in those provisions which limit the type of debt for which property of the debtor otherwise exempt may nevertheless be levied upon. If this indicates an intention on the part of the Legislature to give a particular meaning where this phrase is used as distinguished from the use of the single word necessary or necessaries, we must give effect to that meaning.

In Webster's New International Dictionary, Second Edition, we find many definitions of the word "common,'' among which are the following: "Belonging or pertaining to many or to the majority; general or prevalent''; "of frequent or ordinary occurrence or appearance; familiar by reason of frequency''; and among the synonyms we find: "Popular, universal, frequent, customary, usual, familiar.''

The word "necessary'' used alone to modify what follows, as in section 690.2 "necessary household, table and kitchen furniture, . . . wearing apparel. . . .'' etc., has been given very liberal interpretation by the courts and now includes many things which would not ordinarily be considered as necessary in its strict sense of indispensable; indeed, the Legislature itself has indicated in the above section a somewhat liberal policy in considering what should be exempt in the

hands of the debtor, for it lists hanging pictures, a piano, a shotgun, a rifle and a radio. In 65 Corpus Juris Secundum 268, it is said: "The term 'necessaries' is not confined merely to what is requisite barely to support life, but includes many of the conveniences of refined society, such as ornaments of dress which are usually worn by persons of rank and position." In *San Diego & Coronado Ferry Co.* v. *Railroad Com.* (1930), 210 Cal. 504, 512 [292 P. 640], the Supreme Court, in discussing the meaning of the word necessity, as used in the Public Utilities Act, said: "The word connotes different degrees of necessity. It sometimes means indispensable; at others, needful, requisite, or conducive. It is relative rather than absolute. No definition can be given that would fit all statutes. The meaning must be ascertained by reference to the context, and to the objects and purposes of the statute in which it is found."

In *Sanker* v. *Humborg* (1941), 48 Cal.App.2d 203 [119 P.2d 431], the court had before it the question of whether or not the whole of debtor's earnings for personal services within the preceding 30 days should be exempted, plaintiff claiming that certain listed items of expenditure by the debtor could not be classed as necessaries. It did *not* involve the status of plaintiff's claim under the clause now before us. At page 208, the court said: "Under the rule prevailing here, what is a necessary of life must depend largely on the circumstances of each case and the position of the family involved." *In re Estate of Millington* (1923), 63 Cal.App. 498 [218 P. 1022], likewise involved only the question of whether or not certain articles in the hands of the debtor were exempt as necessary under the wording (now contained in Code Civ. Proc., § 690.2) of "necessary wearing apparel." After discussing the two extreme views, the one that practically any jewelry, no matter how valuable, that one could wear on his or her person would come under such designation, and the other that it encompassed only actual clothing, the court said neither extreme was correct. Many decisions of the courts of other states, as well as the federal courts, are cited therein, and the following are excerpts from the decision (p. 501): "Of course, the word 'necessary' does not limit wearing apparel to that which is indispensable, but it is sufficiently flexible to include things which are usual and appropriate for the reasonable comfort and convenience of a debtor, although they may not be absolutely necessary for mere subsistence. (Freeman on Executions, 3d ed., sec. 232;

*Leavitt* v. *Metcalf,* 2 Vt. 342 [19 Am.Dec. 718] ; *Sellers* v. *Bell,* 94 F. 801 [36 C.C.A. 502].) '' and at page 504: ''While no general rule can be drawn from the foregoing conflicting decisions, it may be said that they generally recognize that wearing apparel may include something more than mere clothing. In many of them the value of the article claimed has been given weight, and logically so; because it is neither usual nor appropriate for one who is unable to pay his debts to wear expensive ornaments, and such ornaments, therefore, are not considered 'necessaries' in the sense in which the word is used in exemption statutes.''

These decisions are in accordance with the general policy of the courts of this state to give a liberal construction to exemption statutes in favor of the debtor. In *Holmes* v. *Marshall* (1905), 145 Cal. 777, at 778 [79 P. 534, 104 Am. St.Rep. 86, 2 Ann.Cas. 88, 69 L.R.A. 67], it is said that ''Statutes exempting property from execution are enacted on the ground of public policy for the benevolent purpose of saving debtors and their families from want by reason of misfortune or improvidence. The general rule now is to construe such statutes liberally, so as to carry out the intention of the legislature, and the humane purpose, designated by the lawmakers.'' See, also, *Industrial L. & I. Co.* v. *Superior Court* (1922), 189 Cal. 546 [209 P. 360].

It follows logically that this same policy requires a *strict* construction of any provisions which tend to limit the exemptions elsewhere in the statute extended to the debtor. In 25 Corpus Juris 10 (par. 8), the rule is thus stated: ''Conversely to the rule of liberal construction of the grant of an exemption, provisions which limit or take away the exemption are strictly construed, whether in provisos and exceptions or in amending statutes.''

Only three cases in this state bearing directly upon the exception now before us have come to our attention. In the case of *White* v. *Gobey* (1933), 130 Cal.App.Supp. 789 [19 P.2d 876], the plaintiff had recovered judgment against the wife for clothing sold to her before marriage, and execution was levied upon earnings of the husband for services rendered within 30 days prior to the levy upon the theory that such debts were recoverable out of community property. The trial court held that only one-half of such earnings was exempt under Code of Civil Procedure, section 690.10, but the Appellate Department of the Superior Court of San Francisco held that the whole of such earnings was exempt. At page

792 the court said: "The language of subdivision 10 is that 'where debts are incurred by any such person, *or his wife* or family for the common necessaries of life . . .' one-half the earnings is subject to execution. We are satisfied that, as to debts incurred by 'his wife', this must mean *while she is his wife.* 'The underlying purpose of the statute exempting from execution certain property is to provide for the support and welfare of the family of the person claiming exemption' (*Bailey* v. *Superior Court*, 215 Cal. 548, 554 [11 P.2d 865, 867]). So that the beneficent purposes of this statute be not carried too far, it has been wisely provided that half of the earnings for the last thirty days prior to the levy may be taken in payment for common necessaries of life. *Necessities, then, used for the very maintenance of the debtor's family, for food, clothing and the like, are what the legislature meant to make special provision for.*" (Italics added.)

In the case of *Evans* v. *Noonan* (1912), 20 Cal.App. 288 [128 P. 794], the court had before it the question of whether or not medical services rendered to a member of the family were "necessaries of life." After discussing the subject the court made the following comment which clearly infers a distinction between "common necessaries of life" and "necessaries," (p. 293): "In the present case, however, there is nothing which requires us to go further than to say that, under our law, it most certainly at the least means the *common necessaries of life,* or such things as are proper and requisite for the sustenance of man. With equal certainty these include, besides food, clothing, and shelter such medical attentions in cases of illness as are absolutely requisite to relieve physical suffering and pain and to overcome or conquer disease, if by such attentions it can be done." (Italics by the court.)

The third case is by this court: *So. Cal. Merchants Assn.* v. *Thomason* (1931), Civ. A. 383. In that case the earnings of the debtor were attached for a debt incurred by defendant, a taxicab driver, for a watch of the value of $23. The plaintiff voluntarily released one-half of such earnings, but the trial court refused to release the remaining one-half and defendant appealed from such order. This court quoted from the opinion in *Estate of Millington, supra,* 63 Cal.App. 498, and held that a watch worn by the debtor was included in the term "necessary wearing apparel." Undoubtedly that holding is sustained by the Millington and other cases insofar as it holds that, under the circumstances there appearing,

*such* a watch in the hand of *that debtor* was a necessity. However, the decision went further and said (p. 3): "We are unable to distinguish between the term 'necessary wearing apparel' as appears in subdivision 4 and 'common necessaries of life' as appears in subdivision 10 of Section 690, Code of Civil Procedure." Upon further examination and consideration of the subject, we no longer adhere to this conclusion.

■ Necessary wearing apparel, as used in Code of Civil Procedure, section 690.2, under the decisions, means necessary to the particular debtor considering all the circumstances—his station in life, his particular type of employment, etc.; while "common necessaries of life" as used in Code of Civil Procedure, section 690.11, second paragraph, means those things which are commonly required by persons for the sustenance of life regardless of their employment or status. A tuxedo may be necessary wearing apparel to a waiter at a top-notch café, but not to a laborer who has never attended a type of dinner or other gathering where tuxedos are customarily worn; and under no circumstances could it be called a "common necessary of life." The determination of whether or not a certain article is exempted in the hands of a debtor under the term "necessary wearing apparel" involves a determination of whether or not under all the circumstances *that article* is necessary to be worn by *that debtor*; on the other hand, the decision of whether or not a certain article previously sold to a debtor is a common necessary of life so that *one-half of the debtor's earnings* of the past 30 days, elsewhere exempted by the statute for the support of his family, shall nevertheless be taken to pay for *it*, involves a determination of whether or not it is such an article that *in the hands of anyone* it is to be regarded universally, or substantially so, as necessary to sustain life. Obviously, the Legislature, cognizant of the fact that to the great majority of persons supporting a family the earnings of the past 30 days are required for such basic things as food, heat, shelter, etc. (*common* to all) desired to make sure that these earnings shall not be taken to pay for something less basic.

We wish to acknowledge the substantial assistance we received from the excellent briefs presented on behalf of appellant by the public defender of Los Angeles County.

■ The order appealed from is reversed with instruction to release the portion of appellant's salary held under the writ.

Shaw, P. J., and Bishop, J., concurred.