**In re Andrew WESTHEM and Emily Westhem, Bankrupts.**

**Civ. No. 77–4259–HP.**

United States District Court, C. D. California.

Aug. 31, 1978.

---

Richard M. Moneymaker, Moneymaker & Morrison, Los Angeles, Cal., for bankrupt and appellant.

C. Douglas Wikle, Los Angeles, Cal., for trustee and appellees.

### ORDER REVERSING BANKRUPTCY COURT

PREGERSON, District Judge.

This matter is here on an appeal from an order of the bankruptcy court denying exemption of Emily Westhem's diamond engagement ring pursuant to 11 U.S.C. § 24 and Cal.Code Civ.Proc. § 690.1. The court has reviewed the briefs filed by counsel for Andrew and Emily Westhem and by the trustee in bankruptcy. Oral argument was heard on August 21, 1978. After careful consideration, the court concludes that the claim for exemption of the ring should be allowed and, accordingly, reverses the bankruptcy court's order that the ring is the property of the bankruptcy estate and subject to administration for the benefit of creditors.

The facts are undisputed. Emily Westhem's 3½ carat diamond engagement ring, which originally belonged to Andrew Westhem's grandmother, was stolen 11 years ago. The 4 carat diamond engagement ring she now wears was purchased by her husband with insurance proceeds. The trustee in bankruptcy seeks to include the ring in the assets of the bankruptcy estate. The Westhems resist the trustee and say that the engagement ring is exempt under Cal.Code Civ.Proc. § 690.1 as "[n]ecessary . . . wearing apparel." The propriety of exempting an engagement ring from creditors' claims appears to be an unsettled issue in this state.

The only California cases bearing on the exemption of jewelry are *Los Angeles Finance Co. v. Flores*, 110 Cal.App.2d Supp. 850, 243 P.2d 139 (1952), and *In re Millington's Estate*, 63 Cal.App. 498, 218 P. 1022 (1923). In *Los Angeles Finance*, the court pointed out that necessary wearing apparel means apparel "necessary to the particular debtor considering all the circumstances . . . ." 110 Cal.App.2d Supp. at 856, 243 P.2d at 143.

*In re Millington's Estate* also suggests that facts peculiar to each individual's situation must be considered when deciding whether a claim for exemption of an item should be allowed. In that case, the court was asked to exempt from creditors' claims two diamond rings and a set of diamond earrings that had belonged to a deceased woman. Her heirs argued that the rings and earrings were necessary wearing apparel and entitled to exemption.

In discussing the issue of exemption, the court said that "wearing apparel may include something more than mere clothing." 63 Cal.App. 498, 504, 218 P. 1022 at 1024. The court also observed that although debtors should not be permitted to exempt "expensive ornaments," watches would normally be exempt because they are "generally worn and considered necessities by persons of every financial condition." *Id.* Although the court concluded that the diamond rings and earrings involved there were "worn as mere ornaments," it recognized that jewelry worn for other reasons may be eligible for exemption.

The above cases were decided under the old exemption statute, which exempted "necessary . . . wearing apparel" from creditors claims. Cal.Code Civ.Proc. § 690.2 (repealed in 1970). The current statute, Cal.Code Civ.Proc. § 690.1, which exempts "[n]ecessary . . . wearing apparel, ordinarily and reasonably necessary to, and personally used by, the debtor," reflects the liberal interpretation given the exemption statute by the earlier cases. Considering the claim for exemption in light of these cases and the current statute, the court believes that a diamond engagement ring may be an item of jewelry worn for other than merely ornamental reasons.

An engagement ring, ordinarily worn at all times by married women of all financial conditions, is not a mere ornament, but rather an item of great sentimental value to both husband and wife. Married women regard their engagement and wedding rings as important and necessary symbols of their marital status. In light of the importance that our society attaches to engagement rings, the court does not believe that the California Legislature intended those rings to be routinely seized by creditors. In the circumstances of the instant case, it is appropriate to permit exemption of Mrs. Westhem's engagement ring as an item of necessary wearing apparel.

Accordingly, IT IS ORDERED that Emily Westhem's diamond engagement ring be exempted from the assets of the bankruptcy estate. The order of the bankruptcy court is hereby reversed.