642 F.2d 1139
 7 Bankr.Ct.Dec. 1246
 In re Andrew WESTHEM and Emily Westhem, Bankrupts.
C. Douglas WIKLE, Plaintiff-Appellant,
v.
Andrew WESTHEM and Emily Westhem, Defendants-Appellees.
 No. 79-3127.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 3, 1980.
Decided March 23, 1981.
 
 C. Douglas Wikle, Wikle & Henry, Los Angeles, Cal., for plaintiff-appellant.
 Richard M. Moneymaker, Los Angeles, Cal., for defendants-appellees.
 Appeal from the United States District Court for the Central District of California.
 Before GIBSON*, SNEED and POOLE, Circuit Judges.
 SNEED, Circuit Judge:
 
 
 1
 This case raises the question whether under the circumstances of this case a diamond ring having a fair market value of more than $3000 and described as "one emerald cut diamond of approximately four (4) carats in weight with two side diamonds" is exempt property pursuant to 11 U.S.C. § 24 (now 11 U.S.C. § 522(b)) and Cal.Civ.Proc.Code § 690.1. The bankruptcy judge held it was not, but on appeal from this decision the district court reversed and held that it was. In re Westhem, 459 F.Supp. 556 (C.D.Cal.1978). We affirm the district court.
 
 
 2
 As the district court pointed out, the facts are not substantially disputed. Emily Westhem's original engagement ring had belonged to Andrew Westhem's grandmother. A number of years ago it was stolen and the insurance proceeds were used to purchase the ring here in question. In this manner the ring which we hold to be exempt is linked to a former ring of great sentimental value. Emily Westhem also wears a wedding band which the trustee in bankruptcy has not put in issue.
 
 
 3
 The present section 690.1 of the California Code of Civil Procedure exempts "(n)ecessary household furnishings and appliances and wearing apparel, ordinarily and reasonably necessary to, and personally used by, the debtor and his resident family." This provision has been given a liberal construction. Los Angeles Finance Co. v. Flores, 110 Cal.App.2d Supp. 850, 243 P.2d 139 (1952). The most comprehensive analysis of the "wearing apparel" exemption appears in In re Estate of Millington, 63 Cal.App. 498, 218 P. 1022 (1923). The Estate of Millington court recognized that, while no general rule could be drawn, "wearing apparel may include something more than mere clothing." Id. at 504, 218 P. at 1024. However, that court pointed out, and in its holding confirmed, that "expensive diamonds worn as mere ornaments" were not exempt. Id. at 504, 218 P. at 1024-25. A further gloss on the wearing apparel exemption was provided by Los Angeles Finance Co. v. Flores, supra, where it was said:
 
 
 4
 "The determination of whether or not a certain article is exempted in the hands of a debtor ... involves a determination of whether or not under all the circumstances that article is necessary to be worn by that debtor ...."
 
 
 5
 110 Cal.App.2d Supp. at 856, 243 P.2d at 143 (emphasis in original).
 
 
 6
 These principles require that we affirm the district court. It is not uncommon for an article that replaces another, to which great sentimental value had attached, to acquire a considerable portion of that value itself. An engagement ring also is not just another "expensive ornament."
 
 
 7
 We restrict our holding to the facts of this case. It is not intended to state a general rule and should not be interpreted as making "expensive diamonds worn as mere ornaments" exempt property.
 
 
 8
 Affirmed.
 
 
 9
 FLOYD R. GIBSON, Senior Circuit Judge, dissenting.
 
 
 10
 It is with considerable reluctance and trepidation that I dissent from my colleagues on an issue of California law, but in my view a replacement diamond engagement ring valued in excess of $3000 should not be included within California's bankruptcy exemption as "necessary ... wearing apparel, ordinarily and reasonably necessary to, and personally used by, the debtor and his resident family." Cal.Civ.Proc.Code § 690.1.
 
 
 11
 The replacement diamond ring was purchased for $6800 over thirteen years ago with the insurance proceeds received after the theft of Mrs. Westhem's heirloom engagement ring. The replacement ring's diamond weighs four carats. Given inflation and the recent increase in the value of diamonds as collectibles, Mrs. Westhem's ring represents a substantial investment asset, valued well in excess of $3000.
 
 
 12
 At the time Mr. Westhem filed for bankruptcy, he was earning over $50,000 per year as an executive of an insurance company. At that time he was leasing a Mercedes and a Datsun 280Z, while owning a Pontiac Firebird. Apparently, Mr. Westhem's bankruptcy resulted from the purchase of stock on margin in a firm that did not live up to his expectations.
 
 
 13
 The question presented is whether the diamond ring was "necessary" wearing apparel which is "ordinarily and reasonably necessary to" Mrs. Westhem or whether the ring represents a substantial investment asset of the Westhems which should be applied to the debts Mr. Westhem incurred in his ill-fated stock purchase. The fact that the ring may have been ornamental wearing apparel as well as an investment asset does not exempt the ring. See In re Estate of Millington, 61 Cal.App. 498, 504, 218 P. 1022, 1024 (1923); cf. In re Leech, 171 F. 622, 626 (6th Cir. 1909). The bankruptcy court found the ring to be "an expensive ornament, which it is neither usual nor appropriate for one who is unable to pay his debts to retain." I agree.
 
 
 14
 The debt which the Westhems seek to set aside must be borne by the creditors whose claims remain unsatisfied. In this case, a California bank which loaned Mr. Westhem funds to make the stock purchase will be left with a bad debt. As a result, ultimately, both the shareholders and depositors, as well as other borrowers at the bank, will all share in Westhem's misfortune. This burden should be lessened to the extent that the Westhems are able to do so, without depriving them of the necessaries of life. As noted in In re Estate of Millington, 63 Cal.App. at 504, 218 P. 1025, "(t)he purpose of exemption laws is to save debtors and their families from want, not to enable them to wear luxurious ornaments at the expense of their creditors." A diamond ring, which is a substantial investment asset, should not be exempted from the Westhems' liability to shoulder their own debts. I, therefore, respectfully dissent from the panel opinion.
 
 
 
 *
 Honorable Floyd R. Gibson, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation