FLOYD R. GIBSON, Senior Circuit Judge,
dissenting.
It is with considerable reluctance and trepidation that I dissent from my. colleagues on an issue of California law, but in my view a replacement diamond engagement ring valued in excess of $3000 should not be included within California’s bankruptcy exemption as “necessary ... wearing apparel, ordinarily and reasonably necessary to, and personally used by, the debt- or and his resident family.” Cal.Civ.Proc. Code § 690.1.
The replacement diamond ring was purchased for $6800 over thirteen years ago with the insurance proceeds received after the theft of Mrs. Westhem’s heirloom engagement ring. The replacement ring’s diamond weighs four carats. Given inflation and the recent increase in the value of diamonds as collectibles, Mrs. Westhem’s ring represents a substantial investment asset, valued well in excess of $3000.
At the time Mr. Westhem filed for bankruptcy, he was earning over $50,000 per year as an executive of an insurance company. At that time he was leasing a Mercedes and a Datsun 280Z, while owning a Pontiac Firebird. Apparently, Mr. West-hem’s bankruptcy resulted from the purchase of stock on margin in a firm that did not live up to his expectations.
The question presented is whether the diamond ring was “necessary” wearing apparel which is “ordinarily and reasonably necessary to” Mrs. Westhem or whether the ring represents a substantial investment asset of the Westhems which should be applied to the debts Mr. Westhem incurred in his ill-fated stock purchase. The fact that the ring may have been ornamental wearing apparel as well as an investment asset does not exempt the ring. See In re Estate of Millington, 61 Cal.App. 498, 504, 218 P. 1022, 1024 (1923); cf. In re Leech, 171 F. 622, 626 (6th Cir. 1909). The bankruptcy court found the ring to be “an expensive ornament, which it is neither usual nor appropriate for one who is unable to pay his debts to retain.” I agree.
The debt which the Westhems seek to set aside must be borne by the creditors whose claims remain unsatisfied. In this case, a California bank which loaned Mr. Westhem funds to make the stock purchase will be left with a bad debt. As a result, ultimately, both the shareholders and depositors, as well as other borrowers at the bank, will all share in Westhem’s misfortune. This burden should be lessened to the extent that the Westhems are able to do so, without depriving them of the necessaries of life. *1141 As noted in In re Estate of Millington, 63 Cal.App. at 504, 218 P. 1025, “[t]he purpose of exemption laws is to save debtors and their families from want, not to enable them to wear luxurious ornaments at the expense of their creditors.” A diamond ring, which is a substantial investment asset, should not be exempted from the Westhems’ liability to shoulder their own debts. I, therefore, respectfully dissent from the panel opinion.