[Civ. No. 11348. Second Appellate District, Division Two.—March 15, 1937.]

In the Matter of the Estate of FLORENCE M. MATTINGLY, Deceased. CHARLES H. MATTINGLY, Appellant, v. HELEN McDONALD et al., Respondents.

Charles H. Mattingly, *in pro. per.*, for Appellant.

Horace E. Vedder for Respondents.

WOOD, J.—Petitioner appeals from an order of the probate court denying his petition to have certain property set aside as a homestead. He also appeals from an order denying his petition to have certain personal property exempt from execution set apart to him.

Petitioner is the surviving spouse of Florence M. Mattingly, deceased. In her will Mrs. Mattingly devised a certain lot with a building thereon known as 303 Onyx Avenue, Balboa Island, to two adult daughters as joint tenants and also devised to petitioner as residuary devisee a lot with a building thereon known as 217 West Avenue 37 in the city of Los Angeles. The last-mentioned property was at the time of her death and had been for many years the residence of petitioner and the decedent. Petitioner presented to the probate court a petition in which he asked that the Balboa Island property be designated as a homestead for his use as surviving spouse. The court refused to designate the Balboa Island property as a homestead and made an order designating the property at 217 West Avenue 37 as a homestead for petitioner's use.

The Probate Code in sections 660 and 661 provides that a homestead must be provided for the surviving spouse. "If none has been selected . . . the court, in the manner hereinafter provided, must select, designate and set apart and cause

to be recorded a homestead for the use of the surviving spouse . . . " It will be noted that the section does not provide that the court must set aside the parcel of land selected by the surviving spouse. The section merely provides that the court must select "a homestead". In the present case the court did in fact designate a homestead for the surviving spouse and it is not contended that the property designated is not suitable for that purpose. From the wording of the section it is apparent that it was intended that the court could exercise its discretion in designating the property which should be set apart. Petitioner relies upon cases in which the trial courts granted petitions for homesteads from property other than that devised to the petitioners, the rulings of the trial courts being affirmed on appeal. We are referred to no case in which it was held that the court was compelled to permit a surviving spouse to select a homestead from property which had not been devised to him.

Petitioner complains that he did not petition to have the property at West Avenue 37 set apart as a homestead. We fail to see how he has been injured by the order made. If he prefers to have this property free from the designation as a homestead the trial court will doubtless grant his request upon receipt of the *remittitur*.

The testatrix bequeathed her personal property to petitioner with the exception of certain articles of furniture which she bequeathed to her two daughters. Petitioner asked the trial court to set apart to him as surviving spouse the articles of furniture which had been bequeathed to the daughters on the ground that the furniture was exempt from execution. The court, upon sufficient evidence, found that petitioner's home "is completely, adequately and conveniently furnished without the personal property" which is the subject of the petition. It is provided in section 660 of the Probate Code that the court "may in its discretion set apart to the surviving spouse . . . all or any part of the property of the decedent exempt from execution". Before the enactment of the Probate Code in 1931 it was provided in section 1465 of the Code of Civil Procedure that "the court may on petition therefor, set apart . . . all the property exempt from execution . . . " Petitioner cites certain cases construing this section before it was amended and made a part of the Probate Code, from which he argues that the word "may" has been held to be "must". The legislature in adopting the

Probate Code added after the word "may" the words, "in its discretion" and after the word "all" the words "or any part of". The legislature doubtless intended to give a definite meaning to these added words. It is expressly provided that the court shall exercise its discretion in acting upon petitions of this character. The language of the section is free from ambiguity and needs no interpretation. The order appealed from was made in the exercise of the court's discretion.

The orders are affirmed.

McComb, J., *pro tem.*, and Crail, P. J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 13, 1937.