[Civ. No. 3543. Fourth Dist. Feb. 24, 1947.]

Estate of JAMES ROBERT JONES, Deceased. BEDUR MIRIAM JONES, Appellant, v. EDITH J. JONES, as Executrix, etc., Respondent.

Vernon P. Spencer for Appellant.

Frederick W. Welsh for Respondent.

MARKS, J.—This is an appeal by the widow of deceased from an order denying her petition to set aside to her certain exempt property belonging to the estate of her husband. The estate was small and the property the widow sought to have set aside to her is not of considerable value.

Appellant argues that since section 1465 of the Code of Civil Procedure was held to be mandatory and to require that the probate judge set aside exempt personal property to the widow (*Estate of Ehler*, 115 Cal.App. 403 [1 P.2d 546]; *Estate of Millington*, 63 Cal.App. 498 [218 P. 1022]) we should place the same construction on its successor, section 660 of the Probate Code.

The question has been passed upon by both the Supreme Court and the District Court of Appeal where it has been held that the change made by the Legislature in the language of the earlier section clearly showed an intention to vest a discretion in the probate judge to either grant or deny a petition to set aside exempt personal property to a surviving spouse. (*Estate of Mattingly*, 19 Cal.App.2d 550 [65 P.2d 1338]; *Estate of Kachigian*, 20 Cal.2d 787 [128 P.2d 865].)

The reasons for this conclusion are thus set forth in *Estate of Mattingly, supra:*

"It is provided in section 660 of the Probate Code that the court 'may in its discretion set apart to the surviving spouse . . . all or any part of the property of the decedent exempt from execution.' . . . The legislature in adopting the Probate Code added after the word 'may' the words, 'in its discretion'

and after the word 'all' the words 'or any part of.' The legislature doubtless intended to give a definite meaning to these added words. It is expressly provided that the court shall exercise its discretion in acting upon petitions of this character. The language of the section is free from ambiguity and needs no interpretation. The order appealed from was made in the exercise of the court's discretion."

Appellant further argues that if it be held that the probate court is vested with such a discretion there was an abuse of that discretion in making the order before us.

The arguments made by appellant are far from convincing. Deceased was a soldier and died while in the service. His widow was named as beneficiary in his insurance policies and has received payment of the death benefit in one issued by an insurance company and is receiving regular monthly payments from the Government. She is also the surviving co-owner of the Series E United States War Savings Bonds accumulated by the couple. (*Conrad* v. *Conrad,* 66 Cal.App. 2d 280 [152 P.2d 221].) The funeral expenses and some of the expenses of the last illness of deceased have not been paid which is also true of the expenses of administration of his estate. We can see no abuse of discretion on the part of the trial judge in retaining in the estate the small amount of exempt personal property in question here. This is especially true as it is probable that the allowance made to the widow will exhaust the major portion of the assets of the estate leaving little or nothing for distribution after the funeral expenses, the expenses of the last illness and the expenses of administration are paid.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.